No. 16,217.

## DAVIDSON *v*. THE STATE.

CRIMINAL LAW.—*Murder in First Degree.—Sufficiency of Indictment.—
Place of Decedent's Death.*—Where an indictment for murder in the
first degree alleged, among other things, that the defendant inflicted
a mortal wound upon the body of the deceased at Allen county, in
this State, at a date named, of which mortal wound he then and
there died, the indictment is not subject to the objection that it does
not allege in what county the deceased died.

SAME.—*Evidence.—Murder.—Motive.—Property of Deceased, and Value.
—Defendant an Heir of Deceased.*—In an action for murder in the
first degree, where the theory of the State, upon the trial of the
cause, was that the deceased had been murdered by the defendant,
at decedent's dwelling, and had afterwards been carried to the
stable and deposited near the horses for the purpose of creating the
impression that he had been killed by the horses; that the motive
for the crime was that the defendant might free himself of the
maintenance of the deceased, the deceased having conveyed to him
certain lands upon condition that he should maintain the deceased
during his natural life, it is competent, as bearing on the question
of motive, to prove what property the deceased owned at the time
of his death, and the value thereof, the defendant being one of the
heirs.

SAME.—*Evidence.—Exhibiting Clothing of Deceased to Jury.—Position of
Body.*—In such case, it was not error to permit the State to exhibit
to the jury the clothing worn by the deceased at the time of his
death, and to permit witnesses to testify to the position of the de-
ceased when found.

SAME.—*Evidence.—Declarations of Defendant.—Relations and State of
Feeling Between Defendant and Decedent.*—In such case, it was com-
petent for the State to prove any declarations made by defendant,
tending to show the relations between him and the deceased, and
the state of feeling between them.

SAME.—*Evidence.*—In such case, the State may prove, in support of its
theory, the condition of things at the house of the deceased immedi-
ately after the body was found.

SAME.—*Evidence.—Age and Strength.*—In such case, it was proper to
prove that the deceased was old and feeble, and that the defendant
was young and stout, in support of the theory that the deceased was
suffocated by the defendant.

SAME.—*Evidence.—Deed from Deceased to Defendant.*—In such case, it
was competent to admit in evidence the deed executed by the de-

Davidson v. The State.

ceased to the defendant, in consideration of which the defendant
had agreed to support the deceased during his life, the defect in
acknowledgment, if any, not affecting its validity as between the
parties to it.

SAME.—*Evidence.—Voluntary Testimony Before Coroner, Written and
Signed*—In such case, statements made by the defendant before the
coroner, at the inquest upon the body of the deceased, having been
signed by the defendant, were properly admissible in evidence, the
defendant having voluntarily testified thereto.

SAME.—*Evidence.—Reputation of Deceased.*—In such case, it was not
error to refuse to allow the defendant to prove, on cross-examin-
ation of one of the State's witnesses, that the deceased had the repu-
tation of being a hard, quarrelsome, and strong man, ready to fight
at any time, such matter not being cross-examination, and not being
material upon the theory of the case.

SAME.—*Evidence.—Declarations of Defendant.*—In such case, it was not
error to refuse to allow the defendant to testify that he said, in the
absence of the deceased, that he could not live with the deceased,
and that as soon as he got his wood chopped and crops off, he in-
tended to deed the land back to the deceased, such declarations be-
ing self-serving.

SAME.—*Evidence.—Declarations of a Third Party.*—In such case, decla-
rations of a party not under oath and not on trial, which are not ex-
planatory of any act admissible in evidence, were not admissible in
favor of the defendant.

SAME.—*Jury.—Challenge for Cause.—Death Penalty, Scruples Against.
—Discretion.*—Under an indictment for murder in the first degree,
it is not error to permit the State to challenge, for cause, a juror
who answered that he had conscientious scruples against affixing
the death penalty, such action being within the sound discretion of
the court, and not reviewable, unless there has been an abuse of
discretion.

SAME.—*Instructions to Jury.—Motive.*—Where the jury was instructed
that malice, within the meaning of the law, includes not only hatred
and revenge, but every other unlawful and unjustifiable act; that
malice is not confined to ill-will towards an individual, but is in-
tended to denote an action flowing from any wicked or corrupt mo-
tive; a thing done with a wicked mind, attended with such circum-
stances as plainly indicate a heart regardless of social duty and
fatally bent on mischief, such instruction correctly states the law.

SAME.—*Instructions to Jury.—Elements of a Crime.—Failure to State
All.*—Where it is undertaken to state, in an instruction, all the ele-
ments of an offense necessary to a conviction, such instruction is bad
if an essential element is omitted; but an instruction partially stat-
ing the facts is not erroneous, unless it charges that they alone,

Davidson v. The State.

without reference to other facts and other instructions, will justify a conviction.

SAME.—*Instructions to Jury.—Reasonable Doubt.*—Where a defendant in a criminal action asked the court to instruct the jury that, as a matter of law, if there was any single fact proved to the satisfaction of the jury, by a preponderance of the evidence, inconsistent with the defendant's guilt, it is sufficient to raise a reasonable doubt, and defendant should be acquitted, such instruction was too broad, and it was not error to refuse it.

SAME.—*Instructions to Jury.—Reputation in General —Traits of Character.*—Where the court instructed the jury that the law presumed the defendant's character to be good, until the contrary is proven, and that he was under no obligation to prove a good character, it was not error to refuse to instruct the jury, in addition thereto, that the law presumed that he had a good character and reputation as a peaceable and humane man until the contrary is proven, the defendant's character not having been questioned by the evidence.

SAME.—*Special Term.—Crime.—Trial at.—Jurisdiction.*—A defendant in a criminal action may be lawfully tried and convicted or acquitted at a special term of court.

EVIDENCE. — *Expert Testimony.— Hypothetical Question. — Facts Embraced in.*—In the examination of expert witnesses, counsel may embrace in an hypothetical question such facts as he may deem established by the evidence, and if opposing counsel does not think all the facts established are included in such question, he may include them in questions propounded on cross-examination.

INSTRUCTIONS TO JURY.—*Attempt to Discredit Evidence.—Province of Jury.*—No instruction should be given which attempts to throw discredit on evidence introduced on the trial, for it is for the jury to say what weight should be given to the evidence in the case.

From the Whitley Circuit Court.

*S. M. Hench* and *C. M. Dawson*, for appellant.

*A. G. Smith*, Attorney-General, *P. B. Colerick*, Prosecuting Attorney, *J. F. Rodabaugh* and *J. M. Robinson*, for State.

COFFEY, J.—The appellant was indicted in the Allen Circuit Court, on the 7th day of February, 1890, upon a charge of murder in the first degree. Upon his application, the venue of the cause was changed to the Whitley Circuit Court, where a trial resulted in his conviction. He appeals to this court, and assigns as error:

Davidson *v.* The State.

*First.* That the circuit court erred in overruling his motion to quash the indictment.

*Second.* That the circuit court erred in overruling his motion for a new trial.

The indictment in the case is in the usual form, and contains all the allegations usually found in an indictment for murder. The objection urged against it is that it does not allege in what county the deceased died.

The supposed defect does not, in fact, exist. The indictment alleges that the appellant inflicted a mortal wound upon the body of the deceased, at Allen county, in this State, at a date named, of which mortal wound he then and there died. This was sufficient. The court did not err in overruling the appellant's motion to quash the indictment. *Turpin* v. *State*, 80 Ind. 148; *State* v. *Schultz*, 57 Ind. 19.

The evidence in this cause tended to show that Thomas Davidson, Sr., the deceased, at the time of his death, was more than seventy years of age, in good health, but somewhat enfeebled by age.

He was a widower, without children, and for near twenty years had resided alone on a farm in Allen county. In the month of September, 1888, the appellant, an unmarried man, the nephew of the deceased, went to reside with the deceased, who was his uncle. On the 25th day of October, 1888, the deceased executed to the appellant a deed for eighty acres of land, which deed contained an agreement on the part of the appellant to maintain the deceased during the period of his natural life, in consideration of the land so conveyed. In August, 1889, the appellant and the deceased failing to agree, the appellant left his uncle's house and went to live with one Maddens. The distance from Maddens to the house of the deceased was about three miles. Soon after the ap-

pellant left the house of the deceased, an action was commenced to set aside the deed above mentioned. On the morning of the 25th day of November, 1889, the deceased was found dead in his stable, some distance from his dwelling house. A *post-mortem* examination disclosed the fact that the deceased had been suffocated, and that his ribs had been broken.

The theory of the State, upon the trial of the cause, was that the deceased had been murdered by the appellant, at his dwelling house, and had afterwards been carried to the stable and deposited near the horses, for the purpose of creating the impression that he had been killed by the horses. The evidence in support of this theory was purely circumstantial. On the trial of the cause, the appellant made numerous objections to the admission of evidence, upon the ground that it was irrelevant and immaterial, but his objections were overruled.

Much of this evidence, when standing alone, would seem to be immaterial; but when considered in connection with the other facts and circumstances in the case, its relevancy becomes apparent.

For the purpose of supporting the theory of the State, we think it was competent to show what property the deceased owned at the time of his death. As the appellant was one of his heirs, it was competent upon the subject of motive. It is always competent to prove the motive which prompted, or might be supposed to prompt, a murder. *Jones* v. *State*, 64 Ind. 473.

For this purpose, it was also competent to prove the value of such property. It was not error to permit the State to exhibit to the jury the clothing worn by the deceased at the time of his death, and to permit witnesses to testify to the position of the deceased when found. *McDonel* v. *State*, 90 Ind. 320.

All clothing worn by the parties concerned, and all materials in any way forming part of the transaction from which inferences of guilt or innocence may be drawn, may be produced at the trial for the inspection of the jury. *Commonwealth* v. *Brown*, 121 Mass. 69; *People* v. *Fernandez*, 35 N.Y. 49; *State* v. *Graham*, 74 N. C. 646.

In such cases, it is the province of the jury to determine what inferences are to be drawn from the condition and appearance of the clothing, in connection with the other evidence in the cause. *Story* v. *State*, 99 Ind. 413.

It was competent for the State to prove any declaration made by the appellant tending to show the relations between him and the deceased, and the state of feeling between them; and it was also competent for the State to fully show, in support of its theory, the condition of things at the house of the deceased immediately after the body was found. *Goodwin* v. *State*, 96 Ind. 550; *Koerner* v. *State*, 98 Ind. 7.

So, too, it was proper to prove that the deceased was old and feeble, and that the appellant was young, stout, and vigorous, in support of the theory that the deceased was suffocated by the appellant. Wharton & Stille's Med. Jurisprudence, section 902, pp. 802–3.

It was not error to admit in evidence the deed executed by the deceased to the appellant, in consideration of which the appellant had agreed to support the deceased during his life. It was competent upon the subject of motive. The objection made by the appellant to the effect that the deed was admissible because the acknowledgment was void, having been taken before a notary public who was, at the time, filling the office of deputy county recorder, is not tenable. The notary was, at least, an officer *de facto*, and his acts as to third parties

were valid.    *Leech* v. *State, ex rel.,* 78 Ind. 570; *Baker* v. *Wambaugh,* 99 Ind. 312.

Generally, an acknowledgment is not essential to the validity of a deed as between the parties to it, but is only necessary in order to admit the deed to record in the proper recorder's office.    *Hubble* v. *Wright,* 23 Ind. 322; *Mays* v. *Hedges,* 79 Ind. 288; *Westhafer* v. *Patterson,* 120 Ind. 459.

The statements made by the defendant before the coroner, at the inquest upon the body of the deceased, having been signed by the appellant, were properly admitted in evidence against him on the trial of this cause, it appearing that he voluntarily testified at such inquest. *Snyder* v. *State,* 59 Ind. 105; *Epps* v. *State,* 102 Ind. 539; *Brown* v. *State,* 71 Ind. 470; *Sage* v. *State,* 127 Ind. 15.

In order to admit such statement in evidence, it was not necessary, in our opinion, that the State should have introduced in evidence all the proceedings had before the coroner.    The statements of the appellant were the only matters material to the issue in this case.

Under our statute, section 1802, R. S. 1881, all confessions by an accused are admissible in evidence against him, except such as are made under the influence of fear produced by threats.    *Benson* v. *State,* 119 Ind. 488; *Harding* v. *State,* 54 Ind. 359; *State* v. *Freeman,* 12 Ind. 100; *O'Brien* v. *State,* 125 Ind. 38.

It is earnestly contended by the appellant that the circuit court erred in the admission of certain expert testimony given by physicians called by the State.    The objections urged against this testimony relate: 1, to the form of the questions by which it was elicited; 2, to the fact that the hypothetical questions propounded to the witnesses did not embrace all the facts proved upon the particular subject under investigation.

Under the first objection, it is contended that the form of the questions required the experts to answer as to matters which it was the exclusive right of the jury to determine.

We do not think the questions will bear this construction. An expert witness may be asked whether a certain wound did or did not, in his opinion, produce death, or whether such wound was or was not necessarily fatal. *Batten* v. *State*, 80 Ind. 394; *Epps* v. *State, supra.*

The questions to which the appellant urges his objection did nothing more than call for the opinion of the witnesses upon subjects to which they were competent, as experts, to testify.

As to the second objection, it would seem to be sufficient to say that it was not necessary that the hypothetical questions propounded to the witnesses should embrace all the facts proven upon the particular subject under investigation.

In the examination of expert witnesses, counsel may embrace in his hypothetical question such facts as he may deem established by the evidence, and if opposing counsel does not think all the facts established are included in such question he may include them in questions propounded on cross-examination. Any other course would result in endless wrangles over the question as to what facts were, and what were not, established. *Goodwin* v. *State, supra;* Roger's Expert Testimony, 39; *Stearns* v. *Field*, 90 N. Y. 640.

The court did not err in refusing to allow the appellant to prove, on the cross-examination of one of the State's witnesses, that the deceased had the reputation of being a hard, quarrelsome, and strong man, ready to fight at any time. Such matter was not cross-examination. Futhermore, under the theory upon which the case was tried it was wholly immaterial.

Nor did the court err in refusing to permit the appellant to prove that he said, in the absence of the deceased, that he could not live with the deceased, and that as soon as he got his wood and crops off he intended to deed the eighty acre tract of land back to the deceased. Such declarations were self-serving and were not admissible in evidence on behalf of the appellant. *Kahlenbeck* v. *State*, 119 Ind. 118; *Spittorff* v. *State*, 108 Ind. 171.

On the trial of the cause, the appellant, at the proper time, offered to prove, by a competent witness, that about 9 o'clock P. M. on the evening after the body of deceased was discovered, and while they were waiting for the coroner's jury to assemble, one Johnson, who was a tramp, and who had been stopping at a house in the neighborhood for about three weeks prior to that time, appeared on the premises of the deceased, and, in the presence of the witness, cursed and swore, and demanded that the body be taken from the barn to the house; and attempted to exercise supervision over the body; that he said to witness that he should not allow the body to remain at the barn any longer, but should take it to the house, and that the jury would not know anything about it anyhow; that Johnson conducted himself in such a profane and unseemly manner that the witness, who had charge of the affairs on the premises of the deceased, threatened to place him under arrest if he did not absent himself; that Johnson had been accused of robbing a store at Hadly station, and that the officers had been looking for him; that, on the night the deceased was killed, Johnson was not at the house where he usually staid.

This offered evidence was excluded by the court, and the appellant excepted.

We are of the opinion that the court did not err in refusing to admit this offered testimony. Johnson was

not on trial. If he had been, his declarations would have been admissible against him, but his declarations when not under oath, and not explanatory of any act admissible in evidence, were not, in our opinion, admissible in favor of the appellant. We see nothing in the acts of Johnson, which the appellant offered to prove, which tended to show that he and not the appellant committed the crime for which the appellant was upon trial. If by any possibility any of the acts above set out were admissible in evidence, the offer to prove them was in connection with other evidence which, we think, was clearly incompetent. It was not the duty of the court to separate the competent from the incompetent evidence, but it was the duty of the appellant to make the separation himself and to offer none but the competent. *City of Terre Haute* v. *Hudnut*, 112 Ind. 542; *Sohn* v. *Jervis*, 101 Ind. 578; *Cuthrell* v. *Cuthrell*, 101 Ind. 375; *Walker* v. *State*, 102 Ind. 502; *Jones* v. *State*, 64 Ind. 473; *Bonsall* v. *State*, 35 Ind. 460; *Stephenson* v. *State*, 110 Ind. 358.

The court did not err in permitting the State to challenge, for cause, a juror who answered that he had conscientious scruples against affixing the death penalty in a capital case.

The question of the competency of a juror, under his statements, is, in a measure, left to the sound discretion of the trial court, and will not be reviewed unless the facts show that such discretion was abused. *Stephenson* v. *State, supra.*

The appellant also contends that the court erred in its instructions to the jury and in refusing to give to the jury certain instructions asked by him.

In instruction 17, given by the court on its own motion, the jury were told that malice, within the meaning of the law, includes not only hatred and revenge, but every other unlawful and unjustifiable act; that malice is not

confined to ill-will towards an individual, but is intended to denote an action flowing from any wicked or corrupt motive; a thing done with a wicked mind, attended with such circumstances as plainly indicate a heart regardless of social duty and fatally bent on mischief.

It is claimed by the appellant that this definition was too broad, and that it includes many matters which, in law, do not constitute malice.

This instruction, however, was approved in the case of McDonel v. State, supra, and is, we think, correct. See, also, Achey v. State, 64 Ind. 56.

Instruction 18, given by the court, seems to have been copied from an instruction in the case of Binns v. State, 66 Ind. 428, and, we think, states the law upon the subject of premeditated malice correctly. Koerner v. State, supra.

The twenty-first instruction given to the jury by the court is as follows: "Among the usual evidences of premeditation are previous difficulty, ill-will and hatred; previous threats to kill, and previous preparation to take life."

The objection urged against this instruction is that it does not enumerate all the evidences of premeditation. This objection is not well taken, for the instruction does not purport to set them all out. When it is undertaken to state, in an instruction, all the elements of an offense necessary to a conviction, such instruction is bad if an essential element is omitted; but an instruction partially stating the facts, which does not charge that they alone, without reference to other facts and other instructions, will justify a conviction, it is not erroneous. Bird v. State, 107 Ind. 154; Boyle v. State, 105 Ind. 469; Henning v. State, 106 Ind. 386.

In the eighth instruction tendered by the appellant, he asked the court to say to the jury, as matter of law,

that if there was any single fact proved to the satisfaction of the jury, by a preponderance of the evidence, inconsistent with the appellant's guilt, that was sufficient to raise a reasonable doubt, and that he should be acquitted.

This instruction, as asked, was entirely too broad. The doctrine of reasonable doubts, as a general rule, has no application to mere matters of subsidiary evidence taken item by item. It is applicable to the constituent elements of the crime charged and to facts or groups of facts which constitute the entire proof of the constituent or elementary facts. *Wade* v. *State,* 71 Ind. 535; *Koerner* v. *State, supra.*

The instruction, as asked, would apply as well to the subsidiary facts as to the constituent facts, and for that reason was properly refused.

Instruction ten, asked by the appellant, was fully covered, we think, by the instructions given by the court.

What we have said with reference to instruction number eight, asked by the appellant, applies also to instruction number eleven asked and refused by the court.

Instructions thirteen and fourteen, asked by the appellant and refused by the court, were, so far as they state the law correctly, covered by the instructions given by the court to the jury upon the subject of reasonable doubt.

At the request of the appellant, the court instructed the jury that the law presumed his character to be good, until the contrary appeared from the evidence, and that he was under no obligation to prove a good character. He asked the court to instruct the jury, in addition to the above, that the law presumed he had a good character and reputation as a peaceable and humane man, until the contrary was shown by the evidence in the case, which the court refused.

There was no error in this ruling.

No evidence was introduced on the trial of the case touching the character of the appellant, and, for that reason, his character formed no element in the case. *McQueen* v. *State*, 82 Ind. 72; *Knight* v. *State*, 70 Ind. 375; *Cluck* v. *State*, 40 Ind. 263.

Instructions seventeen, eighteen, and nineteen, asked by the appellant, so far as they state the law correctly, were fully covered by the instructions given by the court.

Instruction numbered twenty-one, asked by the appellant, attempted to throw discredit upon certain evidence introduced by the State on the trial of the cause, and was for that reason correctly refused. Such an instruction should never be given, as it is for the jury to say what weight should or should not be given to the evidence in the case. *Line* v. *State*, 51 Ind. 172; *Aszman* v. *State*, 123 Ind. 347.

Instruction numbered twenty-two, asked and refused, was fully covered by the instructions given by the court; as was also instruction numbered five, asked and refused.

The record before us discloses the fact that on the 7th day of April, 1890, the appellant filed an affidavit upon which he asked the court to postpone the trial of this cause, and to set the same down for trial at a special term, to be held about the 20th day of June, 1890. Upon this motion, the cause was postponed, and set for trial at special term, to begin on the 17th day of June following. On that date the appellant appeared, in person and by his attorney, and, without objection, examined and rejected jurors. He also moved the court to require the jury commissioners to draw from the box a special jury to try his cause. After the selection of a jury, but before it was sworn, he objected to swearing the jury and entering upon the trial of the cause, for the

reason that the cause was being tried at a special term of the court, and, under the constitution and laws of the State, such term was not authorized and could not be held.

It is not denied that the statutes of this State authorize the holding of a special term, when necessary to dispose of the pending business. No argument is advanced by the appellant in support of the proposition that such statutes are unconstitutional.

A conviction at a special term was sustained in the case of *Smurr* v. *State*, 105 Ind. 125.

No irregularity appears in the record in this case relating to the special term in question, and, as the court assumed jurisdiction, we must indulge the familiar presumption that every thing was rightly done. *Carlisle* v. *State*, 32 Ind. 55; *Shirts* v. *Irons*, 28 Ind. 458; *Passmore* v. *Passmore*, 113 Ind. 237; *O'Brien* v. *State, supra*.

The evidence, we think, strongly tends to prove the guilt of the appellant of the charge preferred against him. We can not disturb the verdict of the jury on the evidence.

Judgment affirmed.

Filed Oct. 13, 1893.