BERNARD LEE BRICKER *v.* STATE OF INDIANA.

[No. 774S149. Filed February 11, 1976. Rehearing denied March 29, 1976.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Eugene Hollander,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *John D. Shuman,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The Appellant, Bernard Lee Bricker, was convicted on October 19, 1971, of the second degree murder of his wife, Noriko Bricker. Sentenced to life imprisonment November 15, 1971, the Appellant was granted permission by this court on September 13, 1974, to file a belated direct

appeal. Since that date this appeal has been kept viable by appropriate extensions of time granted by this court.

The evidence at trial revealed that on May 5, 1971, the Madison County Police Department received a phone call at about 3:50 p.m. That phone call stated that the police should "come out because someone had been killed" and gave directions to the scene of the crime. The police then proceeded to the Appellant's home. When they arrived, the Appellant walked out of the house and said, "I done it. Take me in." Officers entered the home and discovered the body of the Appellant's wife.

The Appellant was advised of his constitutional rights and was asked if he wished to tell the police anything. He responded that he did not wish to talk about it, "that he had called them, wasn't that enough?" When asked whether he had shot the woman with a rifle or pistol, the Appellant simply responded, "Rifle." A spent bullet casing found near the body was determined to have been fired in a rifle found in the Appellant's house. Fingerprints found on the rifle were determined to be those of the Appellant.

The Appellant entered a plea of not guilty by reason of insanity. This gives rise to the allegation of error we will confront first. The Appellant tendered to the trial court both as a preliminary instruction and as a final instruction the following:

"When the accused file (sic) a plea he was of unsound mind and there has been evidence on this, you are instructed that the state must prove beyond a reasonable doubt:

1. That the accused could know and comprehend the nature and consequences of his act. The nature of the act embraces knowledge on his part that the act was wrong, for if the accused be unable to distinguish right from wrong he would not know the nature of his act.

2. That the accused had sufficient will power to control his impulse to commit the act charged."

The trial court refused to give this instruction on both occasions that it was tendered. The Appellant contends that the trial court thus committed reversible error in failing to inform the jury of the State's burden of proof.

The Appellant points out in his brief that the jury was instructed in accordance with the definition of insanity prescribed in *Hill* v. *State*, (1969) 259 Ind. 601, 251 N.E.2d 429. He also points out that the following instruction was also given:

> "The court instructs you that where the defense of insanity is pleaded *the burden rests upon the State to prove beyond a reasonable doubt that the defendant was sane at the time of the commission of the alleged crime, and said burden never shifts,* but the presumption of sanity is sufficient to constitute a prima facie case in favor of the State where there is no evidence to dispute it, so that the State is not required to introduce evidence in its case in chief to prove the sanity of the defendant; but when, as in this case, evidence is introduced upon that issue, the same becomes a question of fact for the jury, who have a right to consider all of the evidence having a bearing of (sic) the issue, whether introduced by the State or by the defendant." (emphasis added)

"It is not error to refuse to give an instruction the substance of which is covered by another instruction which is given. Hash v. State, (1972) [258] Ind. [692], 284 N.E.2d 770; Maxey v. State, (1969) 251 Ind. 645, 244 N.E.2d 650; Kennedy v. State, (1935) 209 Ind. 287, 196 N.E. 316." *Fuller* v. *State*, (1973) 261 Ind. 376, 304 N.E.2d 305 at 310. The jury in this case was properly instructed on the definition of insanity and the burden of proof placed on the State. We can find no error here.

The Appellant's second contention concerns rebuttal testimony admitted into evidence by the trial court. As a part of his insanity defense, the Appellant testified that he and his wife frequently quarreled. He testified that these quarrels were characterized by hysterical shouting by his wife and a lack of physical violence on his part. Following these quarrels,

the deceased would not speak to the Appellant for extended periods of time. The Appellant's mother also testified as to the victim's displays of temper and the Appellant's resulting depression. A psychiatric expert called by the Appellant testified that this pattern of conflict caused the Appellant to feel that he always "lost" disputes with his wife and caused a feeling of "utter helplessness." This resulting upset was termed a "depressive neurosis."

As rebuttal, the State presented testimony of acquaintances of the victim to the effect that the victim on occasion showed bruises and missing patches of hair. The victim attributed these to physical assaults by the Appellant. This testimony regarding the source of these alleged injuries was objected to as hearsay. The Appellant urges reversible error in the overruling of this objection.

It is asserted by the State that these statements were not hearsay because they were not introduced into evidence to prove the truth of the matters asserted. This places the State in a rather difficult position. If it was not introduced to prove the truth of the matters asserted, the evidence could not be characterized as rebuttal evidence. It is quite clear that the evidence was properly objected to as hearsay and was improperly admitted. We do not see, however, that reversible error is the result.

The Appellant here has failed to show that he was prejudiced by the admission into evidence of this testimony. It in no way relates to the actual act of killing the victim here. It apparently did not prejudice any determination regarding premeditation, since the jury found the Appellant guilty of second degree murder. No prejudice regarding the Appellant's insanity plea is apparent since the hearsay testimony was substantially consistent with the Appellant's "depressive neurosis" presentation.

"The improper admission of hearsay evidence is not a ground for reversal in the absence of prejudice to the de-

fendant, as where there is other ample evidence to sustain the finding of the trial court or the conviction. . . ." 9 I.L.E. *Criminal Law* § 887 at 131 (1971); *Isaac* v. *State*, (1971) 257 Ind. 319, 274 N.E.2d 231. The evidence here was sufficient to convict in the absence of the hearsay testimony. The Appellant has similarly failed to show other prejudice resulting from its admission. We can only conclude that the error here was harmless.

The judgment of the trial court is affirmed.

Givan, C.J., Hunter, J., concur; DeBruler, J., dissents with opinion in which Prentice, J., concurs.

### DISSENTING OPINION

DEBRULER, J.—The erroneously admitted hearsay statements tended to prove the fact that appellant had on previous occasions struck and beaten his wife while quarrelling. There was no other evidence presented of such physical abuse. The erroneous admission of the statements is therefore not rendered harmless because the facts they proved were established by abundant, independent evidence. *Sumpter* v. *State*, (1974) 261 Ind. 471, 306 N.E.2d 95; *Prophet* v. *State*, (1974) 262 Ind. 312, 315 N.E.2d 699; *Martin* v. *State*, (1974) 262 Ind. 232, 314 N.E.2d 60.

Upon consideration of the record in the case, I can only conclude that the erroneously admitted hearsay statements aided the jury in concluding beyond a reasonable doubt that the appellant did not shoot the victim on a sudden, uncontrollable, and unexpected impulse arising from a mental disease or defect, and was therefore sane; and that the killing was done maliciously rather than in the heat of passion. The fact of prior beatings, proved by the statements, also served to impeach the credibility of the appellant who took the witness stand in his own defense and denied such prior physical assaults. Inasmuch as these hearsay statements were significant in producing the outcome in this case, the conviction

which rests upon them should not be permitted to stand. I would reverse and order a new trial.

Prentice, J., concurs.

NOTE.—Reported at 340 N.E.2d 502.