**Mayola HERROD, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 1285S519.**

Supreme Court of Indiana.

April 25, 1986.

John M. McGrath, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Mayola Herrod was convicted after a trial by jury of delivery of a Schedule I controlled substance, heroin, a class B felony, Ind.Code § 35–48–4–2 (Burns 1985 Repl.). She was sentenced to a term of imprisonment of 14 years. The sole issue raised in this direct appeal is the sufficiency of the evidence.

We affirm.

The evidence most favorable to the judgment of conviction is as follows. Lucy Richardson, a Gary police officer, testified that appellant's residence had been under surveillance for suspected drug traffic from August through October, 1984. Richardson, in undercover disguise, had been to the house and had observed Herrod there.

On October 31st, Richardson approached the house again and met Herrod at the front door. She told Herrod that she wanted to purchase some heroin, and Herrod gave the officer three foil packets in exchange for $21.00. Before Richardson left, the two chatted briefly. Herrod assured the officer that the "stuff" was good and told Richardson that she was earning $1300.00 to $1800.00 daily by selling narcotics.

Richardson testified that she observed Herrod in good light for approximately five minutes. No doubt existed in her mind that appellant was the woman who had

sold her the three foil packets, which were proven by laboratory tests to contain heroin.

Herrod testified. She denied selling the heroin to Richardson, stating that she knew Richardson from the neighborhood as an undercover officer. She said her roommates, not she, sold narcotics from the residence against her wishes.

Counsel concedes that the standard of review used by this Court requires affirmance of the judgment below. This Court does not weigh evidence or judge the credibility of the witnesses. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260. Looking only to the evidence most favorable to the judgment, we will affirm where each element of the crime was proven by substantial evidence of probative value. *Id.* As the trier of fact, the jury was entitled to determine which of the conflicting versions of the incident it would credit. *Robinson v. State* (1985), Ind., 486 N.E.2d 986.

Counsel argues that we should depart from this standard of appellate review and weigh the evidence in favor of appellant. He asserts that Herrod's conviction should be reversed because her version of the events differs from that of Officer Richardson. Labelling this an "unresolved conflict," he argues that it "be resolved as constituting an insufficient amount of evidence upon which the conviction of the defendant could be based."

The limitation of our role as an appellate tribunal is described in Ind.Rules of Appellate Procedure, Rule 15(N):

A verdict, finding, judgment, order or decision shall be reversed upon appeal as not supported by or as contrary to the evidence only when clearly erroneous, and due regard shall be given to the opportunity of the finder of fact to judge the credibility of the witnesses.

Such has been the rule since at least 1894, when this Court wrote:

The reason most frequently given ... for the rule that this court can not weigh the evidence ... is that the opportunities and means of the court and jury trying the cause are so vastly superior to those of this court, they being able to see the witnesses face to face, to observe their conduct, appearance and demeanor on the witness stand, and thus judging of their intelligence, fairness and candor and many other means of weighing evidence that this court can not have, that it is deemed safer to leave that duty to be performed exclusively by them.

*Deal v. State* (1894), 140 Ind. 354, 358, 39 N.E. 930, 391. This notion that our appellate review is limited to questions of law in deference to the jury's power to make reasonable factual determinations is fundamental to American jurisprudence. *Id; Boyd v. State* (1977), 175 Ind.App. 181, 370 N.E.2d 939. The Constitution of the United States provides that federal appellate courts may not re-examine facts tried by a jury. U.S. Const. amend. VII. This principle is embodied in Article 1, Sec. 19 of the Indiana Constitution: "In all criminal cases whatever, the jury shall have the right to determine ... the facts". In *Deal v. State*, 140 Ind. at 360, 39 N.E. at 391, Chief Justice McCabe wrote:

The policy of the law is to give every litigant one fair trial of his cause, and no more. When the trial court makes a mistake and commits an error of law against him, if it be materially prejudicial or harmful to his rights, then he has not had his one fair trial, and ... this court can, for the error of law, reverse and order a new trial. To confer the power on this court, to retry the question of fact, would be a violation of that policy, by giving each litigant a right to two fair trials instead of one. The good order and peace of society forbids the opening up of controversies that have been once tried and adjudicated in a fair trial.

The jury confronted what counsel calls the "unresolved conflict" of differing testimony and resolved it in a way contrary to Herrod by finding her guilty beyond a reasonable doubt. We rely on their good judgment in doing so as part of our system of justice.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.