Erwin "Bo" SMITH, Appellant,

v.

STATE of Indiana, Appellee.

No. 43S00-8602-CR-174.

Supreme Court of Indiana.

June 24, 1987.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant for Burglary, a Class C felony, and Theft, a Class D felony. He received a five (5) year sentence, which was enhanced by thirty (30) years by reason of a finding that appellant was an habitual offender.

The facts are: On June 17, 1985, Darrell Bales, owner of Bales Butcher Shop, located at 106 East Main Street in Syracuse, Indiana, found that the glass door to his shop was broken and that several packages and cartons of cigarettes were missing from the shop, along with approximately fifty dollars in quarters, dimes and nickels.

Police arrested Todd Manges and subsequently obtained a search warrant for his apartment. During the search, police discovered approximately three hundred packs of cigarettes, seventy-two to seventy-three dollars in change and several tire irons. Bales was taken to Manges' apartment where he observed that the cigarettes were similar in the amount and brands of those missing from his shop.

Manges pled guilty to the charge of theft with respect to the burglary of Bales Butcher Shop. Manges testified at appellant's trial that he had discussed with appellant that he was behind in his support payments and needed money. As a consequence, on June 17, 1985, at approximately 1:00 a.m., Manges and appellant went to Bales' shop and, as Manges acted as a lookout, appellant broke the glass door with a tire iron.

Manges heard a car approaching and fled from the shop to his apartment. Appellant remained at the shop, then returned to Manges' apartment ten to fifteen minutes later where he told Manges that he had obtained a garbage bag full of cigarettes and that he had left a bag of money behind the cash register in the shop. Manges returned to the shop, obtained the money and brought it back to the apartment.

Manges testified that his plea bargain occurred before he was asked to testify in appellant's trial, so he was not motivated to testify by any prospect that his cooperation with police would result in a lesser charge.

Appellant's testimony directly contradicts that of Manges. Appellant testified that he was in bed asleep with his girl friend at Manges' apartment from approximately 10:00 p.m. to 8:00 a.m. the night of the burglary, and that he knew nothing of the incident until the police knocked on the apartment door at approximately 8:00 or 9:00 the morning of June 17.

Dawn Harwood, appellant's girl friend, testified that she and appellant talked in bed from approximately 10:00 in the evening until 1:00 or 3:00 in the morning and slept until approximately 8:00 a.m. She stated that there was no time during the night of the burglary that appellant was not in the apartment.

The jury also heard testimony from Steven Caudill who shared a six-man section of the Kosciosko County jail with appellant. Caudill was serving time for burglary and had previously been jailed for armed robbery and burglary. Caudill testified that he had discussed the burglary of Bales Butcher Shop with appellant. Appellant stated that he entered the shop through the broken glass door, that Manges was with him at the time, that the burglary was not really worth it because all he got was cigarettes and some change, and that he believed he would not be convicted because a positive identification was not found on a hair sample and because his girl friend was going to come in and testify under oath that he was with her the night of the burglary. Caudill testified that he had hoped his testimony would help his case but there was no agreement with the State to assist the police in getting evidence against appellant, and that his cooperation did not improve his position in his plea bargain or sentencing.

Appellant testified that he made no statement to Caudill concerning the burglary of Bales' shop while he was incarcerated, and that any discussion in jail probably amounted to appellant's complaint to others in his cell block that he did not know why he was in jail and that he had witnesses to supply an alibi for him.

Appellant's assignment of error is that there was insufficient evidence as a matter of law to support the verdict of the jury. More specifically, appellant urges that the testimonies adduced by the State be found inherently incredible, unworthy of belief and contrary to human experience, thus incapable of supporting appellant's conviction. Appellant is asking this Court to review the evidence and to decide which witnesses are giving the most believable rendition of the facts surrounding the burglary.

This Court does not reweigh the evidence or judge the credibility of witnesses. *Herrod v. State* (1986), Ind., 491 N.E.2d 538.

As a trier of fact, the jury was entitled to determine which of the conflicting versions of the incident it would credit. *Id.*

In rare cases, this Court has reexamined the credibility of the testimony given when it was found that the testimony was inherently incredible and unable to support the verdict. *Scott v. State* (1981), Ind., 426 N.E.2d 1298; *Thomas v. State* (1958), 238 Ind. 658, 154 N.E.2d 503. Appellant contends this case is such an exception because the testimony of an accomplice is inherently suspect, because the testimony of Manges and Caudill was motivated by hopes of receiving favorable treatment by the State and because it is outside the realm of human experience to believe that Manges would return to the scene of the burglary to pick up the money.

In Indiana a defendant may be found guilty solely on the evidence of a confessed accomplice. *Newman v. State* (1975), 263 Ind. 569, 334 N.E.2d 684.

In *Jackson v. State* (1924), 194 Ind. 561, 562, 143 N.E. 625, this Court said:

"Questions as to the credibility of witnesses, and as to what inferences shall be drawn from the facts proved are for the jury and the trial court, and if part of the evidence, standing alone, would justify a finding of guilty, this court cannot set aside the verdict of guilty because of other evidence to the contrary."

There is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.