Rickey J. HENSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 34S00–8606–CR–552.

Supreme Court of Indiana.

March 31, 1989.

Susan K. Carpenter, Public Defender, June D. Oldham, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Defendant Rickey J. Henson was convicted in a jury trial of Rape as a Class B Felony, Criminal Deviate Conduct as a Class A Felony, Criminal Confinement, and Battery in Howard Circuit Court. He was sentenced to fifteen years for Rape, forty-five years for Criminal Deviate Conduct, both of which were to be served concurrently, fifteen years for Criminal Confinement and five years for Battery, both of which were to be served consecutive to each other as well as to the first two sentences.

On appeal, Henson argues that there was insufficient evidence presented at trial to

sustain the convictions and that the trial court erred by not allowing the testimony of an expert witness that the victim's conduct after the alleged rape was inconsistent with that of a person who had suffered a traumatic forcible rape. We find that, while there was sufficient evidence presented by the State to convict the appellant, there was reversible error committed on the second issue.

The facts which tend to support the conviction are as follows: Henson was at a crowded bar in Kokomo and asked J.O., who was sitting alone, if he could join her. She consented and the two exchanged names, but otherwise did not speak. Two other men joined them at the table and J.O. danced with them during the course of the evening but not with Henson. J.O. stayed at the bar until it closed and then left to have more drinks at the home of one of the bar's waitresses. After she got in her car, but before she could shut the door, Henson approached her with a knife, pushed her over to the passenger's seat, got in the car and drove to a secluded place. He then forced her to have sexual intercourse with him as well as oral sex. He also attempted to cut her blouse off with the knife and J.O. received superficial lacerations as a result. The next evening, J.O. returned to the same bar where she stayed for two hours and drank.

At trial, one witness testified that J.O. was drinking as well as dancing on the evening after the rape allegedly occurred. Defendant then called a psychologist, Dr. David Gover, and established that the witness was an expert in the study and treatment of post-traumatic stress syndrome. Defendant's counsel then asked the following question:

Q. Doctor, in your professional opinion, a person who has allegedly suffered a traumatic, forcible rape, would it be consistent in your experience that a person who had gone through a situation such as that would go back to the same place the act allegedly occurred and socialize, drink, dance, on the same day of the alleged act?

After establishing that Dr. Gover had never consulted with J.O. personally and that he had no firsthand knowledge of the incident in question, the prosecution objected to the question. The objection was sustained on the grounds that the testimony was not relevant and that a proper foundation had not been laid. There followed a lengthy offer to prove, out of the jury's presence, in which the objection was again sustained on the grounds that the testimony was too speculative.

 The testimony of Dr. Gover would clearly have been relevant to the issues at trial. Evidence is relevant if it is material and has probative value. *Pirtle v. State* (1975), 263 Ind. 16, 323 N.E.2d 634. Evidence is material if it is offered to prove a matter in issue. Evidence has probative value if it has any tendency to make the existence of any fact that is of consequence to the determination of the action (i.e., any material fact) more or less probable than it would be without the evidence. *Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811; McCormick on Evidence, § 185, p. 542 (E.W.Cleary 3rd ed. 1984). Here, Dr. Gover's testimony would have tended to prove that J.O.'s behavior after the incident was inconsistent with that of a victim who had suffered a traumatic rape such as that which J.O. recounted. The evidence therefore would have a tendency to make it less probable that a rape in fact occurred, clearly a matter in issue at trial, and was therefore relevant.

 Still, where an expert is to give opinion testimony in the form of an answer to a hypothetical question, more than mere relevance is required to make the evidence admissible. A proper foundation must be laid which is two-fold. First, the expert's ability to give such an opinion must be established through testimony showing he has the requisite knowledge, skill, education or experience on which to base the opinion. However, firsthand knowledge of the facts are not required. It is well established in our state that an expert may give opinion testimony even though he does not have personal knowledge of the facts on which his opinion is based. *City of India-*

*napolis v. Robinson* (1981), Ind.App., 427 N.E.2d 902. Second, there must be a proper evidentiary foundation supporting the facts that are included in the hypothetical question. That is to say, a hypothetical question is proper if it embraces facts that have been placed into evidence. However, it is not necessary that a hypothetical question include all pertinent facts that are in evidence. *Davidson v. State* (1983), 135 Ind. 254, 34 N.E. 972; *Dahlberg v. Ogle* (1978), 268 Ind. 30, 373 N.E.2d 159. If the opposing counsel feels the facts included do not fairly include all the pertinent facts as presented in the record, the remedy is not exclusion of the expert's testimony but to include such facts in questions on cross-examination. *Id.* Additionally, an expert may not testify as to matters which are within the common knowledge and experience of the jurors. *Rosenbalm v. Winski* (1975), 165 Ind.App. 378, 332 N.E.2d 249. This would include testimony directly expressing an opinion as to the credibility of other witnesses, an area well within a juror's common knowledge and experience. *Head v. State* (1988), Ind., 519 N.E.2d 151.

■ Here both foundations were met. The record indicates that, once counsel for the defendant had fully explored Dr. Gover's credentials, the trial court was fully satisfied with the psychologist's ability to testify. The evidence shows Dr. Gover had worked extensively with patients who had suffered from post-traumatic stress syndrome and these included patients with rape in their backgrounds. Moreover, there was ample evidence to support the facts embraced by the hypothetical question posed to Dr. Gover by defendant's counsel. One witness for the prosecution had testified that J.O. had returned to the bar on the evening after the alleged rape and was drinking and dancing; and J.O. herself admitted she was drinking at the same bar that evening. If the State did not think the hypothetical embraced facts favorable to its version of the events, its remedy was to bring these inconsistencies out on cross-examination of the witness. *Davidson,* 135 Ind. 254, 34 N.E. 972; *Dahlberg,* 268 Ind. 30, 373 N.E.2d 159.

■ Generally, the admissibility of expert testimony is within the sole discretion of the trial court and reversal is warranted only for abuse of that discretion. *Simmons v. State* (1987), Ind., 504 N.E.2d 575. In *Simmons,* this Court considered the admissibility of expert testimony on "rape trauma syndrome" when introduced by the prosecution to show that a victim's behavior was consistent with that of a person who had suffered a traumatic rape, and thus that a rape had occurred. There the credibility of the victim was clearly in issue since she had originally told police investigators an entirely different story about her abduction and rape; and it was not until a month thereafter that she related the true facts of the event. However, there was still an inconsistency over whether she and the defendant had stopped at a particular gas station. Subsequent investigation confirmed that they had stopped at the station, as the defendant, who based his defense on consent, maintained they had done. At trial, the State introduced the testimony of two expert witnesses who had worked with rape victims. The experts testified that the victim's inability to recall stopping at the particular gas station in question was consistent with "rape trauma syndrome." On appeal, this Court held that the trial court's finding that the testimony of the experts was admissible was not an abuse of discretion because they were not giving an opinion as to the credibility of the victim but merely showing that her inability to recall certain events was consistent with the "clinically observed behavior pattern." *Id.* at 579. Thus, it tended to show that the victim had suffered a rape and was not a direct opinion of an expert that the victim was telling the truth.

■ The State argues here that the trial court did not abuse its discretion in refusing to allow Dr. Gover to testify because his testimony would have amounted to an opinion as to J.O.'s credibility. We cannot agree. The record shows that Dr. Gover would have testified merely that some of J.O.'s behavior was inconsistent with that of a person who had suffered a traumatic rape. While this would have

tended to show that J.O.'s testimony was not credible, it was not direct testimony as to her credibility. All testimony which contradicts one party's version of a set of events raises questions about that party's credibility; however, that does not make the testimony inadmissible. If that were the case, a defendant would be hard pressed to ever present any sort of defense in his own behalf since the core of any defense usually involves a denial that the alleged criminal conduct occurred. Because Dr. Gover would not have expressed a direct opinion as to J.O.'s credibility, his testimony was not inadmissible on this ground. *Head,* 519 N.E.2d 151.

▪ The State also argues that the testimony was too speculative. In support of this argument it cites *Norris v. State* (1986), Ind., 498 N.E.2d 1203. In that case, we upheld a trial court's refusal to admit the testimony of a psychologist concerning his interpretation of tests administered to the defendant by someone else six years earlier. However, the trial court's decision was upheld not because the psychologist there had failed to talk to the defendant, but because there had been no showing that the expert was competent to interpret tests under those circumstances. Here, by contrast, the record clearly reflects Dr. Gover's competence to give an opinion as to behavior of the victim without having interviewed her. On cross-examination, he stated that it would not have been particularly helpful to talk with the victim since he was merely making a general observation that certain behavior, of which there was evidence from previous testimony, was inconsistent with post-traumatic stress syndrome. To argue that evidence is too speculative is to say merely that it is lacking in probative value. McCormick on Evidence, § 185, p. 542. There is little doubt that an alleged rape victim's conduct after the fact is probative of whether a rape in fact occurred. The prosecution in this case was clearly aware of this as they introduced testimony regarding J.O.'s behavior after the rape was reported: she was upset, had difficulty sleeping and was shaking when she identified the defendant in a photo line-up. It cannot be said, therefore, that the testimony of Dr. Gover was lacking in probative value. That the expert did not personally interview the victim bears on the weight of the evidence not on its admissibility; and such facts may be brought out by opposing counsel on cross-examination just as any perceived deficiencies in the facts underlying the hypothetical question are brought out.

▪ This approach is consistent with recent decisions of this Court and the Court of Appeals concerning the competence of experts to testify at trial. We have routinely held that an expert's specific knowledge is neither determinative of his qualifications as an expert nor of the admissibility of his opinion into evidence, but bears on the weight to be given his testimony after cross-examination. *Martin v. Roberts* (1984), Ind., 464 N.E.2d 896; *Travelers Indemnity Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349; *City of Indianapolis v. Robinson* (1981), Ind.App., 427 N.E.2d 902.

Moreover, this Court has already recognized the admissibility of rape trauma syndrome evidence in *Simmons*. It would be fundamentally unfair to allow the use of such testimony by the State, as was the case in *Simmons*, and then deny its use by a defendant here. In so holding, we are not unmindful of the considerable body of literature in this area and recent case law in other jurisdictions. *See, e.g., State v. Marks* (1982), 231 Kan. 645, 647 P.2d 1292; *People v. Bledsoe* (1984), 36 Cal.3d 236, 203 Cal.Rptr. 450, 681 P.2d 291; *Kruse v. State* (Fla.1986), 483 So.2d 1383; Massaro, *Experts, Psychology, Credibility, and Rape; The Rape Trauma Syndrome Issue and Its Implications for Expert Psychological Testimony,* 69 Minn.L.R. 395 (1985); McCord, *The Admissibility of Expert Testimony Regarding Rape Trauma Syndrome in Rape Prosecutions,* 26 B.C.L. Rev. 1143 (1985); Annot., 42 A.L.R.4th 879 (1985). The commentators and case law address, for the most part, whether evidence of post-traumatic stress syndrome in the form of rape trauma syndrome should be admissible at all. A large part of the discussion has centered on the reliability of such evidence under the familiar *Frye* rule

that expert scientific testimony is only admissible if the phenomenon testified to is generally accepted in the relevant scientific community. *Frye v. United States*, 293 F. 1013 (D.C.Cir.1923). Since we have already crossed that hurdle in *Simmons*, our decision here is focused more on the issue above: whether, having allowed a trial court to admit such testimony when offered by the State to prove a rape was committed, we can say it is not an abuse of discretion to exclude it when offered by a defendant to prove that one was not. We conclude, in light of our decision in *Simmons*, that to bar the defendant from presenting such evidence exceeds the discretion of the trial court; and, in this case, the trial court's ruling impinged upon the substantial rights of appellant to present a defense and was reversible error.

This Court is constrained by the Double Jeopardy Clause to address the issue of sufficiency of the evidence even though we have already found reversible error on the issue of admissibility of the defendant's expert witness testimony. *Lockhart v. Nelson*, — U.S. —, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988); *Small v. State* (1988), Ind., 531 N.E.2d 498; *Tucker v. State* (1989), Ind., 534 N.E.2d 1110. Appellant argues that the evidence upon which he was convicted was insufficient because J.O.'s behavior after the incident made her testimony inherently incredible. It has been long established that this Court will not reweigh evidence or judge the credibility of witnesses on appeal. *Smith v. State* (1987), Ind., 508 N.E.2d 1279. The evidence offered by the State through J.O.'s testimony showed that she was abducted at knifepoint, forced to commit the sexual acts alleged and received lacerations in the process. Her testimony was neither "inherently improbable," nor did it embody "incredible dubiosity," in light of her later behavior, when evaluated in the absence of the expert testimony the appellant sought to introduce. Therefore, the victim's credibility was solely a matter for the trier of fact to determine. *Scott v. State* (1981), Ind., 426 N.E.2d 1298. However we cannot guess what weight the jury would have given to the improperly excluded testimony

of Dr. Gover; and appellant was thereby prejudiced, as noted above, despite the evidence that was otherwise sufficient to convict. *See Bricker v. State* (1976), 264 Ind. 186, 341 N.E.2d 502.

The judgment of the trial court is accordingly vacated and this case is remanded for a new trial.

SHEPARD, C.J., and GIVAN, and DICKSON, JJ., concur.

PIVARNIK, Justice.

I dissent. The trial court did not abuse his discretion considering facts here.