**Ruemonte TEVIS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1183S386.

Supreme Court of Indiana.

July 17, 1985.

Terry O'Maley, Richmond, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from conviction of dealing in Hydromorphone, a class B felony, I.C. § 35–48–4–2(1). The case was tried before a jury. Appellant received a fifteen year sentence.

Appellant raises one issue on appeal: whether the trial court erred in refusing to give his proposed jury instruction which concerned the credibility of informants.

These are the facts from the record that tend to support the determination of guilt. On April 30, 1981, appellant sold Thomas Kelly four pills, referred to as "4s" for $150.00. Kelley was a confidential informant working for the Indiana State Police.

The jury instruction which the defense tendered and the trial court rejected is set forth here:

The testimony of an informer who provides evidence against a defendant for pay, or for immunity from punishment, or for personal advantage or vindication, must be examined and weighed by the jury with greater care than the testimony of an ordinary witness. The jury must determine whether the informer's testimony has been affected by interest, or by prejudice against the defendant.

In dealing with this same issue in *Drollinger v. State* (1980), 274 Ind. 5, 408 N.E.2d 1228, 1241, we said:

In *Morris v. State* (1977), 266 Ind. 473, 364 N.E.2d 132, the defendant tendered an instruction which similarly advised the jury to cautiously scrutinize and evaluate the testimony of a co-defendant. We held the trial court properly refused this instruction and gave a general instruction on the credibility of all witnesses. Quoting *Turner v. State* (1972), 258 Ind. 267, 272, 280 N.E.2d 621, 624, we

explained that it would be "improper for a trial court to invade the province of the jury by commenting on the competency of or the weight to be given to the testimony of any particular witness who testifies in a case." 266 Ind. at 478, 364 N.E.2d at 136. See *Murphy v. State* (1977), 267 Ind. 184, 196, 369 N.E.2d 411, 417.

Likewise, in the case at bar, the trial court gave the following instructions:

> You are the exclusive judges of the evidence, the credibility of the witnesses and of the weight to be given to the testimony of each of them. In considering the testimony of any witness, you may take into account his or her ability and opportunity to observe: the memory, manner and conduct of the witness while testifying; and interest, bias or prejudice the witness may have; any relationship with other witnesses or interested parties; and the reasonableness of the testimony of the witness considered in the light of all of the evidence in the case. You should attempt to fit the evidence to the presumption that the defendant is innocent and the theory that every witness is telling the truth. You should not disregard the testimony of any witness without a reason and without careful consideration. However, if you find that the testimony of a witness, is so unreasonable as to be unworthy of belief, or if you find so much conflict between the testimony of witnesses that you cannot believe all of them, then you must determine which of the witnesses you will believe and which of them you will disbelieve.
>
> In weighing the testimony to determine what or whom you will believe, you should use your own knowledge, experience and common sense gained from day-to-day living. You may find that the number of witnesses who testify to a particular fact, on one side or the other, or the quantity of evidence on a particular point does not control your determination of the truth. You should give the greatest weight to that evidence which convinces you most strongly of its truthfulness.
>
> You are instructed that the credibility of a witness may be attacked by introducing evidence that the witness has been convicted of a crime. Evidence of this kind may be considered by you in connection with all the other evidence in deciding the weight to be given the testimony of that witness.

 The jury was adequately instructed on the credibility of witnesses. A meaningful opportunity to focus the attention of the jury upon the credibility of individual witnesses is afforded a party during final summation by counsel. The special instruction was properly rejected.

The conviction is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.