Fred E. PATTERSON, Appellant
(Defendant Below)

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 30A01–9003–CR–99.

Court of Appeals of Indiana,
First District.

Dec. 11, 1990.

George J. Lewis, Blair W. Amick, Lineback & Lewis, Greenfield, for appellant.

Linley E. Pearson, Atty. Gen., Richard L. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Fred E. Patterson (Patterson) appeals his conviction of two counts of Child Molesting[1]. We affirm.

## FACTS

On May 24, 1989, after reporting to her mother that Patterson had molested her, the victim and her mother visited the police station to make a report. On the same day, the victim, while in the company of her mother and Detective Shull, phoned Patterson at his place of business and urged him to confess to her that he had molested her. Patterson, under the impression the call was private, did admit molesting her. However, a tape recording was made during the call and a transcript of the recording was prepared. Patterson was charged on May 26, 1989, with two counts of child molesting as a class C felony. The second count was later changed to a class D felony charge.

Patterson, who was not in custody, visited the police station with his wife on June 5, 1989. Patterson's wife urged the police to drop charges against him since he was seeking counseling. Patterson's wife also urged him to tell Detective Shull what he had told her. Patterson then admitted tickling the victim. Detective Shull replied that Patterson was lying and Patterson then admitted he had molested the victim. Detective Shull did not give *Miranda*[2] warnings to Patterson during the conversation.

Patterson was tried on October 17–18, 1989. The State presented evidence that Patterson had engaged in uncharged, sexually-related acts with the victim on numerous occasions. Considering the evidence to show depraved sexual instinct, Patterson attempted to present testimony from the mothers of other young females with whom he had resided in order to show that he had not engaged in sexually-related acts with them. The trial court sustained the State's objection to the evidence.

After the victim and her mother testified as to what the victim told Detective Shull, the trial court permitted Detective Shull to testify as to what the victim had related to him during their initial interview. Before giving final instructions to the jury the trial court refused Patterson's tendered final instruction no. 1 to the effect that the charge on Count II for class D child molesting contained a lesser included offense of Battery[3], as a class B misdemeanor.

The jury convicted Patterson of two counts of child molesting, Count I as a class C felony and Count II as a class D felony. The trial court entered judgment on the verdict and sentenced Patterson. Patterson now appeals.

## ISSUES

Patterson raises five issues for review which we restate as:

1. Whether the trial court erred by admitting a tape recording of Patterson's confession to the victim.

2. Whether the trial court erred by admitting testimony by Detective Shull of the

---

1. IND.CODE § 35–42–4–3.

2. *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

3. IND.CODE § 35–42–2–1.

confession which Patterson made to Detective Shull.

3. Whether the trial court erred in excluding testimony by Patterson's witnesses to the effect that he had not exhibited depraved sexual instinct since he had not molested other young girls with whom he had resided.

4. Whether the trial court erred in permitting Detective Shull to reiterate testimony already given by the victim and her mother regarding the victim's initial statement to the Detective.

5. Whether the trial court erred by refusing Patterson's tendered final instruction no. 1 regarding battery being a lesser included offense of the charge of child molesting as a class D felony.

## DISCUSSION AND DECISION

*Issue One*

■ Patterson contends the trial court erred by admitting the tape recording of the telephone call in which he confessed to the victim. Patterson alleges his confession was involuntary and coerced because the victim intimidated him by "ordering him 24 times to confess", Appellant's Brief at 17, and by threatening to tell others of the allegations if he refused to confess. Patterson also alleges the victim was an agent of the police because she was acting at the direction of Detective Shull when she spoke with Patterson.

Acknowledging the State's argument that he waived any trial court error by failing to object during trial to the admission of the tape recording, Patterson contends the error was so fundamental that we, nevertheless, should address it. "Fundamental error is error that if not corrected would deny a defendant fundamental due process." *Morgan v. State* (1989), Ind., 544 N.E.2d 143, 149. Our supreme court held in *Schweitzer v. State* (1989), Ind., 531 N.E.2d 1386, 1388 and *Ford v. State* (1987), Ind., 504 N.E.2d 1012, 1013 that a defendant's failure to object at trial waives appellate review of the voluntariness of a confession. Thus, by implication, our supreme court has held that the erroneous

admission of an involuntary confession is not fundamental error. However, the United States Supreme Court held in *Mincey v. Arizona* (1978), 437 U.S. 385, 398, 98 S.Ct. 2408, 2417, 57 L.Ed.2d 290, 303 (quoting in part *Jackson v. Denno* (1964), 378 U.S. 368, 376, 84 S.Ct. 1774, 1780, 12 L.Ed.2d 908, 915) that "*any* criminal trial use against a defendant of his *involuntary* statement is a denial of due process of law, 'even though there is ample evidence aside from the confession to support the conviction.'" (emphasis in original.)

■ Nevertheless, we do not find Patterson's statement to have been involuntary. When we review the voluntariness of a confession we take into consideration the entire record and look at the totality of the circumstances. *Light v. State* (1989), Ind., 547 N.E.2d 1073, 1076, *trans. denied.* Among other circumstances, we consider "inconsistencies in the defendant's statement, explicit or implicit promises by police interrogators, and the coercive nature of the interrogation atmosphere." *Id.* at 1077 (citations omitted).

Patterson alleges the victim was an agent of the police and that his confession, therefore, was made because of coercive police activity. "Coercive police activity is a necessary prerequisite to finding a confession is not 'voluntary' within the meaning of the due process clause of the fourteenth amendment." *Id.* (citing *Colorado v. Connelly* (1986), 479 U.S. 157, 167, 107 S.Ct. 515, 522, 93 L.Ed.2d 473, 484.) "[T]he danger of coercion results from the interaction of custody and official interrogation." *Illinois v. Perkins* (1990), — U.S. —, 110 S.Ct. 2394, 2397, 110 L.Ed.2d 243, 251. "[W]here a suspect does not know that he is conversing with a government agent, these pressures do not exist." *Id.* Conversations between a suspect and an undercover agent of the police lack the compulsion and police-dominated atmosphere which would require *Miranda* warnings, for example. Thus, a confession given freely and voluntarily without such compelling influences is admissible in evidence. *Id.* *See also Adams v. State* (1979), 270 Ind. 406, 386 N.E.2d 657 (no compulsion existed

where appellant, while unaware of policemen's presence, made statements to victim.)

Even assuming without deciding that the victim was a police agent, Patterson was not under the inherent compulsion of a custodial interrogation by police when he confessed. Patterson was unaware Detective Shull was listening to the conversation or recording it. Additionally, although the victim persisted in questioning Patterson, Patterson was free to terminate the telephone conversation or to refuse to discuss or confess to having sexually abused the victim. Because Patterson was not coerced by police during a custodial interrogation and freely and voluntarily confessed to the victim, his confession was not involuntary. The trial court did not err in admitting the recording of Patterson's confession.

*Issue Two*

■ Patterson claims the trial court erred in admitting testimony by Detective Shull regarding the confession he made to the detective on June 5, 1989. Patterson contends that, although he was not in custody and voluntarily visited Detective Shull at the police station, the detective should have given him *Miranda* warnings before accepting the confession.

"It is settled that the procedural safeguards of *Miranda* only apply to what the United States Supreme Court has termed 'custodial interrogation.' Custodial interrogation refers to questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. The concept of custodial interrogation does not operate to extend the *Miranda* safeguards to spontaneous voluntary statements, i.e. statements which are [ ] not made in response to questions posed by law enforcement officers while the defendant is in custody, ..."

*Johnson v. State* (1978), 269 Ind. 370, 375–76, 380 N.E.2d 1236, 1240 (citations omitted); *see also Schiro v. State* (1983), Ind., 451 N.E.2d 1047, 1059–60, *cert. denied* 464 U.S. 1003, 104 S.Ct. 510, 78 L.Ed.2d 699.

The record reflects that although he had been charged and arrested on May 26, 1989, Patterson was not in custody when he voluntarily visited the police station on June 5, 1989. Therefore, despite any questions or comments by Detective Shull, Patterson's confession was not the result of a custodial interrogation and no *Miranda* warnings need have been given.

*Issue Three*

■ Patterson asserts trial court error in excluding testimony by his first wife and a woman with whom Patterson had resided, both of whom had daughters of approximately the same age as the victim. Patterson offered to prove that both women would testify he had not molested their daughters and therefore had not exhibited depraved sexual instinct.

■ The trial court is given wide discretion in evidentiary rulings and will be reversed only for an abuse of discretion. *Wisehart v. State* (1985), Ind., 484 N.E.2d 949, 957, *cert. denied*, 476 U.S. 1189, 106 S.Ct. 2929, 91 L.Ed.2d 556. Patterson asserts his witnesses' testimony would have tended to negate testimony by the victim that he had shown depraved sexual instinct through uncharged, sexually-related acts with her on numerous occasions. We disagree. We find Patterson's proffered evidence irrelevant to his past acts toward this victim. We hold the trial court did not abuse its discretion in refusing to admit the evidence.

*Issue Four*

■ The trial court erred, Patterson contends, by permitting Detective Shull to testify as to what the victim told the detective during her initial interview with him. Patterson argues Detective Shull's testimony, coming after similar testimony from the victim and her mother about the initial interview, was repetitive and inflamed the jury by creating a false impression the State had another witness regarding the events testified to by the victim.

■ The admission of cumulative evidence is within the trial court's sound discretion and we will not set aside the trial

court's decision unless the court has abused that discretion. *Wesby v. State* (1989), Ind., 535 N.E.2d 133, 136. To obtain reversal an appellant must show that erroneously admitted testimony prejudiced the appellant's substantial rights. *Id.* The trial court, after weighing the relevance of evidence against its prejudicial impact, has wide latitude in ruling even marginally relevant evidence admissible. *Canaan v. State* (1989), Ind., 541 N.E.2d 894, 903, *cert. denied,* — U.S. —, 111 S.Ct. 230, 112 L.Ed.2d 185; *Hubbard v. State* (1987), Ind., 514 N.E.2d 1263, 1264.

■ Patterson offered evidence that the victim had recanted her accusation against him. Testimony which rehabilitates a witness who has made prior inconsistent statements may be relevant and admissible. *See Ruel v. State* (1986), Ind.App., 500 N.E.2d 1274, 1278. The victim's statements to her mother and Detective Shull were relevant to show the consistency of the victim's initial statements that Patterson had molested her. Although Patterson argues Detective Shull's statement regarding the victim's initial interview inflamed the jury, he has failed to show how those statements, which repeated information provided by the victim and her mother, prejudiced his substantial rights and outweighed the relevancy of the detective's testimony. We find the trial court did not abuse its discretion in ruling admissible Detective Shull's testimony regarding the victim's initial interview.

*Issue Five*

■ Patterson argues the trial court erred in refusing Patterson's tendered final instruction no. 1 because the instruction was legally correct, was supported by the evidence, and was not covered adequately by other instructions. Patterson's instruction stated that Count II, the class D felony child molesting charge, contained a lesser included offense of battery as a class B misdemeanor. The instruction then provided the elements of battery, which are that a defendant knowingly or intentionally touched another in a rude, angry, or insolent manner. I.C. § 35–42–2–1.

Class D child molesting involves fondling or touching between a child and an adult of defined ages with the intent of arousing or satisfying the sexual desires of one or the other. Count II of the information stated each of those elements and charged Patterson with class D child molesting.

"The test for determining whether it was error to refuse an instruction of a lesser included offense is: 1) whether the language of the statute and the charging document necessarily included the lesser offense in the greater, and 2) whether evidence was introduced at trial to which the included offense instruction was applicable. The evidence must be subject to the interpretation not only that the lesser offense was committed, but also that the greater offense was not."

*Altmeyer v. State* (1988), Ind., 519 N.E.2d 138, 141 (citations omitted).

At trial Patterson denied touching the victim with the intent of satisfying his sexual desires and contended the evidence showed only that touching had occurred when he wrestled or performed karate with the victim. The trial court noted that such touching would not support the criminal charge of battery and refused Patterson's proposed instruction. We agree with the trial court. The evidence presented to the jury supported either a conviction for child molesting or for no conviction at all. Because the evidence did not support an interpretation that the lesser offense of battery was committed while the greater offense of child molesting was not, we find the trial court did not err in refusing Patterson's tendered instruction. *Accord, Brackens v. State* (1985), Ind., 480 N.E.2d 536.

In summary, we find the trial court did not err in admitting any of the contested evidence or in refusing Patterson's tendered instruction regarding Count II. We affirm the trial court's judgment.

Affirmed.

ROBERTSON and CONOVER, JJ., concur.