**William P. HOOVER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 90S05–9204–CR–265.**

Supreme Court of Indiana.

April 9, 1992.

Geoffrey A. Rivers, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

Appellant–Defendant William P. Hoover, was convicted by a jury of three counts of child molesting, class C felonies. He now seeks transfer following the Court of Appeals' affirmance of his conviction. (1991) Ind.App., 582 N.E.2d 403.

Defendant raises several issues for our review. The first concerns whether the trial court erred in refusing defendant's motion for psychiatric examination of the child witnesses. In support of his argument, Hoover cites *Easterday v. State* (1970), 254 Ind. 13, 256 N.E.2d 901. In *Easterday,* a conviction on a charge of sodomy was reversed because the trial judge had denied a motion for psychiatric examination of a ten-year-old girl upon whose uncorroborated testimony the conviction was based. The decision in *Easterday* specifically holds that although "the defendant has no right to subject a prosecuting witness, in a trial on a sex offense, to a psychiatric examination," the trial court may order such an examination "where in its sound discretion it determines one to be necessary." *Easterday,* 256 N.E.2d at 903. The *dicta* in *Easterday,* however, primarily in the form of decades-old quotations from experts and legal scholars, suggests that the testimony of prosecuting female witnesses in sex offense trials is inherently unreliable and, consequently, it is reasonable and desirable to inquire into such female witnesses' social history and mental makeup before allowing the charge to go to trial. Judge Rucker, in his opinion in the present case, observes that although *Easterday* has not been overruled, it is unlikely that "our Supreme Court would today approve of the language quoted." *Hoover,* 582 N.E.2d at 408, n. 4. Judge Rucker's observation is correct. Accordingly, we grant transfer in order to express our displeasure with such language.

We believe that the sentiment expressed by such language in *Easterday* is offensive, is premised on an outdated, derogatory view of females, and is not supported by any legitimate scientific or sociological data. Consequently, the language referred to in that opinion should be retracted by this Court. Having stated our view on this issue, we adopt and incorporate by reference the opinion of the Court of Appeals, thereby affirming Hoover's convictions.

Additionally, we find that the Court of Appeals ably addressed all other errors raised by the defendant. Accordingly, we grant transfer and adopt and incorporate by reference the opinion of the Court of Appeals.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.