### Charles D. PEDRICK, Appellant–Defendant,

v.

### STATE of Indiana, Appellee–Plaintiff.

### No. 49A05–9108–CR–270.

Court of Appeals of Indiana, Fifth District.

June 16, 1992.

Rehearing Denied Aug. 5, 1992.

---

RUCKER, Judge.

A jury convicted Charles D. Pedrick of five counts of child molesting, as Class C felonies.[1] Pedrick now appeals his convictions, raising five issues for our review which we rephrase and reorder as follows:

1) Did the trial court err in refusing to give Pedrick's tendered instructions on battery as a lesser included offense?

2) Did the trial court err in refusing to allow Pedrick's expert witness to testify?

3) Did the trial court err in refusing to give Pedrick's tendered instruction concerning the determination of the credibility of a child witness?

4) Did the trial court err in refusing to allow Pedrick to testify concerning the State's original charges of battery?

5) Was the evidence sufficient to sustain the convictions?

We reverse and remand.[2]

On April 28, 1989, Pedrick was working as a substitute teacher at an elementary school in Indianapolis, Indiana. On that day Pedrick's responsibilities included teaching fourth and fifth-grade physical education classes.

After a relay race, Pedrick patted N.C. on her posterior, said "good job," and also patted and rubbed her chest. Pedrick also placed both hands on the hips of S.W., telling her she had done well in the last relay race. Pedrick put his arm over the shoulder of K.L. and touched her breast, but she jerked away. Later, Pedrick approached K.L. again and began tickling her stomach. As Pedrick's hands began to move down her stomach toward her vagina, K.L. quickly sat down.

While standing near the classroom closets Pedrick said "good job" to A.C., put his arm around her, and patted and rubbed her breast. During class, Pedrick put his arm around the shoulder of M.M. and let his hand hang, touching her breast. M.M. then backed away from Pedrick. Also during class, Pedrick put his hand up the shirt

Richard Kammen, Katharine C. Liell, Susan W. Brooks, McClure, McClure & Kammen, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Arthur Thaddeus Perry, Deputy Attys. Gen., Indianapolis, for appellee-plaintiff.

1. Ind.Code § 35–42–4–3(b).

2. Our determination of issue number one is dispositive of this appeal. However we address the remaining issues because they are likely to arise on retrial.

sleeve of A.H. and pinched her shoulder. Pedrick also placed his hand on the shoulder of E.J. and then on her breast.

After an investigation of the foregoing conduct, the State initially brought charges against Pedrick for battery as Class B misdemeanors pursuant to Ind.Code § 35–42–2–1. These charges were dismissed shortly thereafter. Based on the same conduct underlying the battery charges, the State then filed the information in this case charging Pedrick with six counts of child molesting concerning K.L., E.J., M.M., S.W., A.C., and N.C. No charges were filed based on the conduct with A.H.

At trial, the State made an oral motion in limine, requesting the trial court to order that no reference be made to the prior battery charges, and the motion was granted. During the trial the State offered into evidence the notes of the principal of the school where the incidents took place. In those notes was a reference to unspecified battery charges and Pedrick later brought this fact to the attention of the trial court. At that time Pedrick requested an opportunity to present evidence concerning the original battery charges and the trial court denied the request.

In his case-in-chief, Pedrick offered the testimony of Dr. Elizabeth Loftus, a psychologist who specializes in the study of human memory and the influence of post-event questioning of witnesses on their subsequent recall and interpretation of events. The trial court did not permit Dr. Loftus to testify. Pedrick tendered jury instructions which instructed the jury on battery as a lesser included offense of child molesting. The trial court rejected the instructions. Pedrick also tendered an instruction which advised the jury on special problems concerning the credibility of child witness testimony. This instruction was also refused.

The jury convicted Pedrick of five counts of child molesting concerning K.L., E.J., M.M., A.C., and N.C. This appeal ensued. Additional facts will be discussed below where relevant.

## I.

◼ Pedrick contends the trial court erred in rejecting his tendered Instructions Nos. 2 and 3. Instruction No. 2 defined the term "included offense" and Instruction No. 3 informed the jury that if it found Pedrick not guilty of child molesting then it must next determine if the State proved the lesser included offense of battery as a class B misdemeanor. The trial court rejected Pedrick's tendered instructions, holding the evidence presented at trial was not consistent with an allegation that Pedrick had committed battery on the children.

The test for determining whether the trial court erred in refusing an instruction of a lesser included offense is a matter of well-settled law in Indiana:

> 1) whether the language of the statute and the charging document necessarily included the lesser offense in the greater, and 2) whether evidence was introduced at trial to which the included offense was applicable. [ ]. The evidence must be subject to the interpretation not only that the lesser offense was committed, but also that the greater offense was not. [ ].

*Altmeyer v. State* (1988), Ind., 519 N.E.2d 138, 141 (citations omitted).

◼ Thus, a two step inquiry is applied to determine whether an instruction on a lesser included offense shall be given. First we determine whether the lesser offense is inherently or factually included in the greater offense by looking at the statutes and the charging document. Therefore, on the one hand an offense is a lesser included one if all the statutory elements of the lesser offense are part of the statutory definition of the greater offense. *Aschliman v. State* (1992), Ind., 589 N.E.2d 1160, citing *Chanley v. State* (1991), Ind., 583 N.E.2d 126, 130. Alternatively, an offense is a lesser included one if the charging document reveals that the manner and means used to commit the essential elements of the charged offense include all of the elements of the lesser offense. *Jones v. State* (1988), Ind., 519 N.E.2d 1233.

The second step of the test requires a determination of whether there was evi-

dence before the jury such that it could conclude the lesser included offense was committed while the greater one was not. *Aschliman, supra.* There must be a serious evidentiary dispute with respect to the element which distinguishes the greater offense from the lesser offense. *Id.*

In this case battery as a class B misdemeanor is a lesser included offense of child molesting as charged by the State. The statute under which Pedrick was charged dictates in pertinent part:

> A person who, with a child under twelve (12) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony.

Ind.Code § 35–42–4–3(b). The statute defining battery provides:

> A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor.

Ind.Code § 35–42–2–1.

Battery is not an inherently included offense of child molesting because it is possible to commit the latter crime solely by submitting to a touch rather than performing one. However the charging information in this case does allege that Pedrick performed or submitted to touching or fondling of the children in order to arouse or satisfy his sexual desires. The information therefore contains the elements of battery as a lesser offense. *Accord Johnson v. State* (1984), Ind., 464 N.E.2d 1309 (elements of battery were alleged in information charging attempted murder where element of substantial step toward murder in information alleged a touching). The element which distinguishes child molesting from battery is whether the touching is performed with an intent to arouse or satisfy sexual desires. *Hopper v. State* (1986), Ind.App., 489 N.E.2d 1209, *cert. denied,* (1986) 479 U.S. 992, 107 S.Ct. 592, 93 L.Ed.2d 593.

Pedrick contends there was a serious dispute in the evidence with respect to whether his touching of the children was performed with a sexual intent. Pedrick points out it was undisputed at trial that he had touched the children; his sole defense was that the touches were not intended to be sexual. Pedrick asserts the jury could have reasonably inferred his touches were rude and insolent but not sexual, and therefore argues the trial court's refusal to give his proffered instructions was error.

The State contends that an instruction on battery would not have conformed to the evidence presented at trial. The State argues the evidence compels a conclusion that Pedrick was either guilty of child molesting or no crime at all. We disagree.

The facts of the present case are quite unlike those of *Brackens v. State* (1985), Ind., 480 N.E.2d 536, where the victim had alleged sexual molestation and the defendant denied even having touched the victim the day of the offense. In that case our supreme court held that an instruction for battery as a lesser-included offense of child molesting was properly refused because it would have been inconsistent with the evidence presented by both the State and the defense. In that instance the evidence was not subject to the interpretation that the lesser offense was committed but the greater was not. Such is not the case here.

Even though, as we discuss below, there was sufficient evidence for the jury to find Pedrick guilty of child molesting, the evidence does not rule out the existence of a serious evidentiary dispute on the issue of Pedrick's intent.[3] Under the present evidence reasonable minds could have concluded Pedrick touched the children in a rude or insolent manner, but that he did so without an intent to satisfy his sexual desires.

We conclude Pedrick was entitled to a jury instruction on battery as a class B misdemeanor. Therefore we reverse the trial court on this issue and remand for a new trial.

---

**3.** Our analysis appears to be at odds with the holding on this issue in *Patterson v. State* (1990), Ind.App., 563 N.E.2d 653. However,

*Patterson* is factually distinguishable from the present case and we decline to follow it here.

## II.

After the State rested its case, Pedrick took the stand in his own defense and testified that the children had accurately described the touching events, but they had misunderstood his intentions. As his final witness Pedrick intended to call Dr. Elizabeth Loftus, professor of psychology with expertise in memory malleability. The trial court conducted a hearing outside the presence of the jury affording Pedrick the opportunity to make an offer to prove. In essence, Dr. Loftus' proffered testimony concerned how the children's memories, perceptions and interpretation of events could have been influenced and shaped by: (a) the passage of time, (b) subsequent questioning by school officials, parents and police, and (c) conversations the children had with their peers. The trial court refused to allow the witness to testify indicating the subject matter of Dr. Loftus' testimony was not beyond the understanding of lay witnesses. Pedrick argues the trial court was in error. We disagree.

In order to qualify as an expert, the trial court must find (1) the subject matter of the expert's opinion is beyond the knowledge of the average lay person, and (2) the witness has sufficient skill, knowledge, or expertise in that field as to make it appear that her opinion or inference will probably aid the trier of fact in its search for truth. *Fox v. State* (1987), Ind., 506 N.E.2d 1090. The trial court's decision in qualifying a witness as an expert will stand absent a manifest abuse of discretion. *Henson v. State* (1989), Ind., 535 N.E.2d 1189.

Here, the trial court determined Dr. Loftus' testimony did not satisfy the first prong of the two-pronged test set forth in *Fox, supra.* Pedrick contends application of the two-pronged test effectively deprived him of his due process right to mount an effective defense. Pedrick urges that we reverse and abandon the traditional test in favor of the approach approved in *Summers v. State* (1986), Ind.App., 495 N.E.2d 799, *trans. denied,* which focuses solely on the knowledge and skill of the expert and whether the expert's knowledge and skill will assist the trier of fact as the basis for the admissibility of expert testimony. Pedrick cites *Summers* for the proposition that the rule excluding expert testimony on subjects within the common knowledge of jurors should not be strictly applied. *Id.* at 803.

We need not reach the question of whether the traditional two-pronged test should be abandoned in favor of the approach approved in *Summers.* Although Dr. Loftus' expertise is arguably beyond the knowledge of the average lay person, her proffered testimony in this case was neither material nor relevant to any issue facing the jury. Evidence is relevant only if it is material and has probative value and it is material only if it is offered to prove a matter in issue. *Henson, supra.*

In order to convict Pedrick of child molesting as charged, the jury had to determine whether Pedrick fondled or touched the children with the intent of arousing or satisfying his sexual desires. *See* I.C. § 35-42-4-3. Testifying in his own defense Pedrick categorically denied touching the children with a sexual intent, even though he admitted the victims had testified truthfully. In essence, Pedrick testified the children had accurately described the touching events, but they had misunderstood his intent, which was only to encourage them.

The children's perception of Pedrick's touching may have had some bearing on their motivation for reporting his conduct to the authorities in the first instance. Indeed the minor witnesses' interpretation of events may very well have been influenced by the passage of time, subsequent questioning by school officials, parents and police authorities. However at trial, after Pedrick testified in his own defense, the question of whether he had touched the children was no longer in dispute. The sole issue before the jury was whether the facts proved that the admitted touchings were motivated by the necessary specific intent to arouse or satisfy Pedrick's sexual desires. Intent is a mental state of the actor and Dr. Loftus' proffered testimony that the children's account and perception of the events may have been improperly influ-

enced had no bearing on Pedrick's state of mind. Any testimony concerning the children's perceptions would not aid the jury in its determination of Pedrick's intent. The trial court did not abuse its discretion in refusing to allow the testimony of Dr. Loftus.

### III.

■ Pedrick next argues the trial court erred in refusing his tendered Instruction No. 5, which cautioned the jury to take special care in judging the credibility of children because of their propensity for adopting their own imaginings as reality and also because of the children's susceptibility to suggestion.

■ In reviewing a trial court's decision to refuse a tendered instruction we consider whether the instruction correctly states the law, whether there is evidence in the record to support the giving of the instruction, and whether the substance of the tendered instruction is covered by other instructions which are given. *Phillips v. State* (1990), Ind. 550 N.E.2d 1290, *reh. denied.* In the case before us Pedrick's tendered instructions was properly rejected. The law in this jurisdiction is well-settled that a trial court may refuse a tendered instruction which directs the jury to view with caution a particular witness' testimony. *Hoover v. State* (1991), Ind. App., 582 N.E.2d 403, *adopted by* (1992), 589 N.E.2d 243 (in child molest case, defendant not entitled to tendered instruction directing jury to view with caution the testimony of children victims); *Clark v. State* (1986), Ind., 498 N.E.2d 918 (no error in trial court's refusal to give tendered instruction directing jury to view with caution testimony of the State's identification witness); *Tevis v. State* (1985), Ind., 480 N.E.2d 214 (no error in trial court's refusal to give tendered instruction advising jury to view informant's testimony with caution). Here, the trial court gave its own instructions concerning the weight and credibility to be given the testimony of witnesses. We find no error.

### IV.

■ Pedrick also argues the trial court erred in refusing to allow him to testify concerning the battery charges which the State had originally filed and dismissed before bringing the child molesting charges. "Battery charges" were mentioned in the elementary school principal's notes which were introduced into evidence by the State. Pedrick points out the State obtained an order in limine to bar any mention of the prior battery charges, and then introduced a document into evidence which violated the order. According to Pedrick, the State opened the door to discussion of the battery charges and the trial court should have granted his request to be permitted to testify concerning those charges.

Pedrick further argues that he should have been allowed to explain that the charges referred to in the principal's notes were the original charges filed by the State and not unrelated charges. Pedrick asserts the trial court's refusal to allow him to testify prohibited him from rebutting a highly prejudicial implication in the minds of the jury that he had been charged with other crimes.

In support of his argument Pedrick cites *Erskine v. Duke's GMC, Inc.* (1980), Ind. App., 413 N.E.2d 305, 308, for the following proposition: "when evidence on a certain issue is introduced by one party, and it appears likely that the other party will be prejudiced unless they are permitted to introduce contradictory or exculpatory evidence, that evidence should be admitted." *Id.* at 308 (citations omitted). In *Erskine* we held that since the defendant had introduced evidence showing the plaintiff had received a sum of money pursuant to a loan receipt agreement with a third party, it was an abuse of discretion for the trial court to refuse to allow the plaintiff the opportunity to explain the circumstances surrounding the agreement.

■ The trial court rejected Pedrick's testimony on the grounds that it was irrelevant and immaterial. Relevance is addressed to the sound discretion of the trial court. *Moritz v. State* (1984), Ind.App., 465 N.E.2d 748. Before error in the admis-

sion or rejection of evidence may justify reversal the error must relate to a material matter of such character as to substantially affect the rights of the parties. *Id.*

■ We first note Pedrick did not raise the issue at trial that the reference to battery charges in the principal's notes would be prejudicial to him. Rather, Pedrick only argued the prior charges were relevant to his defense and the State had opened the door to testimony concerning the charges. A party may not raise an issue on appeal predicated on grounds not raised at trial. *Ingram v. State* (1989), Ind., 547 N.E.2d 823. Pedrick has waived any allegation of error. However, despite waiver, the merits of Pedrick's argument are not persuasive.

Unlike *Erskine,* the record in this case does not support Pedrick's contention that he was likely to be prejudiced by the reference in the principal's notes to the battery charges because the jury would assume there were other unrelated charges against him. Even a cursory reading of the notes would lead a juror to conclude that their content concerned the same events as those presented at trial. For example, the page of the notes which contains the reference to battery charges is dated only six days after the date that the touching incidents occurred. The jury could not reasonably have been misled. Further, the notes do not at all mention Pedrick by name. Pedrick's contention that he was prejudiced amounts to little more than speculation and conjecture. We find no abuse of discretion here and no error.

## V.

■ Finally, Pedrick argues the evidence presented at trial was insufficient to sustain the convictions. Pedrick contends the State failed to prove he touched the children with intent to arouse or satisfy his sexual desires as charged. Pedrick points to his own testimony which indicates his only intent was to encourage the children in order to obtain their greater participation in the warm-up activities and relay races. He argues reversal is required because the evidence does not support an

inference that he touched the children with a sexual intent.

In support of his argument Pedrick cites *Markiton v. State* (1957), 236 Ind. 232, 139 N.E.2d 440, a case in which the defendant was convicted of "assault and battery-sex." The evidence showed that Markiton touched the breast of his daughter while engaged in playful conduct. The supreme court reversed Markiton's conviction, holding that a "jury or court may not draw inferences of evil intent where there are no facts to support such conclusions.... Mere touching alone is not sufficient to constitute the crime here involved." *Id.* at 441. Pedrick argues his testimony shows that his touching of the children occurred in the same context of innocence and playfulness that justified reversal in *Markiton.*

■ Unlike the facts in *Markiton,* here the facts presented to the jury justified an inference that Pedrick touched the children for purposes of gratifying or arousing his sexual desires. The intent element of child molesting may be established by circumstantial evidence and inferred from the actor's conduct and the natural and usual sequence to which such conduct usually points. *Warrick v. State* (1989), Ind.App., 538 N.E.2d 952, 955. Here, Pedrick put his arm around the shoulder of M.M. and let his hand hang, touching her breast. He also placed his hand on the shoulder of E.J. and then on her breast. While the evidence of Pedrick's sexual intent in touching M.M. and E.J. is not overwhelming, it is sufficient to sustain those convictions in light of the evidence of the surrounding circumstances of Pedrick's conduct with several other children that same morning.

Pedrick not only rested his hand on the shoulders of the female children and touched their breasts, but he rubbed N.C. and A.C. on the breast as well. Pedrick not only touched children immediately after relay races, but also touched A.C. while standing near the classroom closets at a time unrelated to the races. Pedrick not only touched K.L. on the stomach while allegedly tickling her but also ran his hand down her stomach approaching her vagina.

In reviewing a claim of sufficiency of the evidence our standard of review is well-settled. We will neither reweigh the evidence nor judge the credibility of witnesses. We examine only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom and if there is substantial evidence of probative value to support the conviction, it will not be set aside. *Litel v. State* (1988), Ind., 527 N.E.2d 1114. In the case before us the facts permit an inference that Pedrick was using encouragement of the children as a mere pretext to improperly touch and fondle them. The jury was not required to believe Pedrick's story that he was merely encouraging the children. The evidence was sufficient to sustain the convictions for child molesting.

Judgment reversed and cause remanded for new trial.

SHARPNACK, J., concurs.

SULLIVAN, J., concurs in part and dissents in part with opinion.

SULLIVAN, Judge, concurring in part and dissenting in part.

## REFUSAL OF BATTERY INSTRUCTIONS

I concur in the holding of the majority which reverses for refusal of the court to give defendant's tendered instructions concerning the included offense of battery. I do not, however, join in the conclusion of the majority that there was sufficient evidence for the jury to convict of child molesting, if that conclusion is made applicable to the convictions as to all five counts. My disagreement in this regard is hereinafter set forth in my discussion as to the sufficiency of the evidence.

## EXPERT TESTIMONY

Our Supreme Court has not, as yet, adopted or rejected the admissibility test for expert testimony as set forth in *Summers v. State* (1986) 1st Dist.Ind.App., 495 N.E.2d 799, *trans. denied.* Reference to *Summers* in *Wissman v. State* (1989) Ind., 540 N.E.2d 1209 at 1213 appears to be dictum. Even if, however, the discussion in *Wissman* constitutes approval of the *Summers* test, that approval would seem to be limited to an expression that although a trial court will not be reversed for allowing expert evidence which is "not beyond the knowledge and expertise of the average juror", neither will a court be reversed for excluding such evidence. Until such time as our Supreme Court has spoken more directly upon the subject, it is incumbent upon us to follow the traditional test of admissibility as enunciated in *Grimes v. State* (1983) Ind., 450 N.E.2d 512.

The majority holds that the proffered testimony of Dr. Loftus, a professor of psychology, with respect to memory malleability was inadmissible because it was neither material nor relevant. I disagree. The tendered testimony dealt primarily with the relative susceptibility of the human memory to be affected by subsequent occurrences. More particularly, her testimony would have concerned the psychological effects of leading questions with respect to the accuracy of one's memory of past events. Susceptibility to post-event suggestion was also a subject of Dr. Loftus's testimony. In this respect, Dr. Loftus would have testified that when two witnesses have engaged in conversations with each other or are interviewed together the danger of memory contamination is present. Additionally, Dr. Loftus would have testified that in duration estimation, such as here involved with respect to the duration of defendant's various touchings, over-estimation is the rule rather than the exception. These matters are not, in my view, within the ordinary knowledge of the average juror.

The tenor of Dr. Loftus's proffered testimony is precisely the type of information which should be made available to the jury so that the jurors might reasonably assess the credibility of children who are accusers in molestation cases. *Stout v. State* (1988) Ind., 528 N.E.2d 476; *Head v. State* (1988) Ind., 519 N.E.2d 151; *Lawrence v. State* (1984) Ind., 464 N.E.2d 923.

I am unable to conclude that the exclusion of the evidence was harmless error.

The State asserts that Pedrick did not challenge or contest the testimony of any of the children with respect to general occurrences about which they testified, but only as to the motivation and mental intent which accompanied the various touchings. I do not find that to be a totally accurate assessment of the defendant's testimony. In this regard, his testimony was as follows:

"Q. You have heard all of the [children] here.

A. Yes indeed.

Q. You disagree with anything that those children said where you touched them?

A. No, I don't disagree with them. I think they misunderstood me. I was just trying to be friends and I didn't know that the world had changed and little girls were afraid to be touched now, and I think that is the thing that really bothers me more than anything about this because they are all nice little cute kids and I hate to have them think I am a dirty old man. I have never had this kind of reputation.

Q. So when the kids say you patted them and the girls said that you touched their breast, or you put your hands on their hips or tickled them.

A. Uh-huh.

Q. Did you?

A. Sure.

Q. Have you—were you criticized for touching—did any of the kids say anything to you?

A. No.

Q. Did any of them indicate to you that they didn't like it?

A. No.

Q. Do you remember kids jerking away from you?

A. Not—no I don't.

\* \* \* \* \* \*

Q. What happened in the principal's office Charlie?

A. She told me that one of the little girls had said I touched her and that she was going to let me go, that I was going to be sent home.

Q. And do you remember what you said?

A. I said 'Sure, I touched a lot of them. I might have touched her on the shoulder' and she said 'Well, she said that you touched her someplace else'.

Q. And what did you think at that moment?

A. I knew she was referring to a sexual touch.

Q. And what did you say, or what did you do?

A. I said 'Hey, listen, I've got some problems but it certainly isn't this' and I laughed. It struck me funny because it was absurd.

Q. Is this funny?

A. No, it isn't funny, but at the time I couldn't believe it.

Q. Then you say you couldn't believe it.

A. Uh-huh.

Q. What did you think after that?

A. She said to me 'You will be hearing more about this'.

Q. And what did you think about that?

A. And I thought, that means some trouble.

Q. What did you do?

A. I went home.

Q. Did you deny touching them in a sexual way?

A. Yeah. When she said 'They said you touched them someplace else' and I said 'I certainly didn't'. I knew she was talking about a sexual body part. She didn't say what body part."

Record at 741–743.

The jury's assessment of the accuracy of the children's memories might well have been affected, and appropriately so, by the expert opinions of Dr. Loftus.

### INSTRUCTION CONCERNING CREDIBILITY OF CHILDREN

The trial court refused Pedrick's tendered instruction which would have advised the jury that special care must be used in judging the credibility of children. There are two conflicting principles of law which clash in this regard. First is the general

proposition that a jury should not be instructed to give greater or lesser weight to the testimony of any particular witness. *Buttram v. State* (1978), 269 Ind. 598, 382 N.E.2d 166; *Lewis v. State* (1976) 264 Ind. 288, 342 N.E.2d 859. On the other hand lies the recognized principle that a special problem exists in accrediting or discounting child witnesses who are testifying concerning sexual encounters. *Stout v. State, supra,* 528 N.E.2d 476; *Lawrence v. State, supra,* 464 N.E.2d 923; *Thomas v. State* (1958) 238 Ind. 658, 154 N.E.2d 503. As reflected in the two cases last cited, the special problem alluded to was viewed as justifying testimony of expert witnesses.

Such analysis, however, does not necessarily carry with it a requirement for a jury instruction upon the subject. This is demonstrated by a recent decision of our Fifth District, *Hoover v. State* (1991) 5th Dist. Ind.App., 582 N.E.2d 403, adopted by our Supreme Court in *Hoover v. State* (1992) Ind., 589 N.E.2d 243. In *Hoover,* the Court of Appeals held it not error for the trial court to refuse an instruction which cautioned the jury with respect to the testimony of child molest victims.

Be that as it may, the exclusion of Dr. Loftus's testimony virtually assured that the jury would be called upon to assess the testimony in a vacuum and without meaningful instruction or assistance. Had the testimony of Dr. Loftus been admitted, the absence of the instruction in question would be of much less impact. If such were the case, the general instruction as to the jury's responsibility to assess the credibility of all witnesses would seemingly be adequate. The instruction given told the jury of the various factors bearing upon testimony assessment, including "the ability and opportunity to observe" as well as the "memory, manner and conduct of the witness...." Record at 97.

That Dr. Loftus was not permitted to give her testimony, coupled with the absence of a specific child-witness instruction, would seem to give the jury less than full assistance in their task of truth finding. I do not go so far, however, as to state that failure to give Pedrick's tendered instruc-

tion is in and of itself reversible error. *Hoover v. State, supra,* 582 N.E.2d 403. Nevertheless, its absence contributes to what was probably an impediment to the fully informed consideration of the facts by the jury.

By reason of the foregoing analysis, all convictions should be reversed and the case remanded for further proceedings. In that regard, however, a new trial is not justified with respect to all counts.

## SUFFICIENCY OF EVIDENCE

As earlier noted, there is evidence with respect to all five children involved in the charges, that a touching or touchings took place. With regard to K.C., A.C., and N.C., although the evidence is meager, it is arguably sufficient to give rise to an inference that those touchings fell within the definition either of the battery statute or the child molest statute. At least the evidence is prima facie adequate to justify retrial upon Counts I, V and VI.

With respect, however, to E.J. and M.M., the record is devoid of evidence from which the trier of fact might reasonably infer that the touchings were done either rudely or insolently or with intent to arouse or gratify. *Markiton v. State* (1957) 236 Ind. 237, 139 N.E.2d 917; *DeBruhl v. State* (1989) 2d Dist.Ind.App., 544 N.E.2d 542.

I would reverse all five convictions and remand with instructions to discharge the defendant upon Counts II and III and to grant a new trial with respect to Counts I, V and VI.