

ATTORNEY FOR APPELLANT

Thomas W. Vanes
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony T. Williams, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 13, 2017 <br><br> Court of Appeals Case No. <br> 45A05-1702-CR-314 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Salvador Vasquez, Judge <br><br> Trial Court Cause No. <br> 45G01-1312-MR-12 |

**Barnes, Judge.**

## Case Summary

[1] Anthony Williams appeals his convictions for murder, Class A felony attempted murder, and Class B felony carjacking. We affirm.

## Issue

The sole issue is whether the trial court properly denied Williams's motion for change of judge.

## Facts

Early in the morning of December 2, 2013, Williams shot and killed his friend, Damian Reedus, in a van belonging to Aja Jester that Reedus was borrowing. Williams also shot Jester in the neck, but not fatally. Williams then pulled Jester out of the van, straddled her, pointed the gun at her face, and told her she had to die because she had seen his face. Although Williams pulled the trigger twice, the gun failed to fire. Jester then managed to run away, and Williams drove away in the van. Jester underwent surgery on her neck. She still suffers pain and psychological trauma, including post-traumatic stress disorder, from the shooting.

On December 5, 2013, the State charged Williams with multiple counts, including murder, Class A felony attempted murder, and Class B felony carjacking. On February 27, 2015, the State and Williams reached a plea agreement that Williams would plead guilty to murder and Class A felony attempted murder. The agreement expressly provided for a sentence of fifty-five years for murder and thirty years for attempted murder, with the sentences to be served concurrently. The trial court took the plea under advisement and ordered preparation of a presentence report.

[5] On April 1, 2015, the trial court held a sentencing hearing. Before accepting the plea, the trial court heard victim impact testimony from Jester. Jester expressed displeasure with the plea agreement, stating that she did not believe a term of fifty-five years was long enough for Williams. At the conclusion of Jester's testimony, the trial court stated:

> I'm not comfortable giving Mr. Williams the pass on shooting you. Because, as I see it, that's exactly what's taking place here. I would not reject the plea on the 55 years for the charge of murder, but I'm not comfortable on the 30 years concurrent term, because that gives Mr. Williams essentially a pass for shooting you. If you are also not comfortable with the plea, the plea is rejected and this matter goes to trial.

App. Vol. IV p. 205. After defense counsel made a record objecting to rejection of the plea, the trial court further stated:

> And, to be perfectly clear, it's the concurrent nature of the sentences that—that rejects the plea. I'm not in any way suggesting that I would not accept a negotiated term in the future. I will suggest that there's no chance that I would accept a negotiated term that would give a concurrent term. That's what I'm—that's why the plea is rejected. I came into this hearing uncomfortable with the plea, in any event, as I already indicated.

*Id.* at 209.

[6] Williams's case proceeded to jury trial on April 4-13, 2016. The same trial judge who had rejected Williams's guilty plea presided over this trial. Williams did not move for a change of judge before or during this trial. It ended with a deadlocked jury and a mistrial.

[7] On April 21, 2016, a new trial was scheduled to begin on October 31, 2016, which was later continued to November 29, 2016. The same judge still was presiding over the case. On September 8, 2016, Williams filed a motion for change of judge. Among the claimed grounds for such a change was the judge's rejection of Williams's plea agreement.[1] The trial court denied Williams's motion. After the second jury trial, Williams was found guilty as charged. The trial court imposed sentences of sixty-two years for murder, forty-three years for attempted murder, and fifteen years for carjacking, to run consecutively for an aggregate term of 120 years. Williams now appeals.

## Analysis

[8] Williams's sole contention on appeal is that the trial court judge erred in denying his motion for change of judge. Indiana Criminal Rule 12(B) provides:

> In felony and misdemeanor cases, the state or defendant may request a change of judge for bias or prejudice. The party shall timely file an affidavit that the judge has a personal bias or prejudice against the state or defendant. The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate from the attorney of record that the attorney in good faith believes that the historical facts recited in the affidavit are true. The request shall be granted if the historical facts recited in the affidavit support a rational inference of bias or prejudice.

---

[1] The motion alleged other grounds as well, but this is the only basis about which Williams argues on appeal.

A decision on whether to grant a motion for change of judge under this rule is reviewed for clear error. *Lehman v. State*, 55 N.E.3d 863, 866 (Ind. Ct. App. 2016) (quoting *Sturgeon v. State*, 719 N.E.2d 1173, 1182 (Ind. 1999)), *trans. denied*. "Reversal will require a showing which leaves us with a definite and firm conviction that a mistake has been made." *Sturgeon*, 719 N.E.2d at 1182.

[9] Aside from the merits of Williams's motion for change of judge, it is well-settled that "a defendant is not entitled to a change of judge where the mandates of Criminal Rule 12 have not been followed." *Flowers v. State*, 738 N.E.2d 1051, 1059 (Ind. 2000). One of those mandates is the time period for filing such a motion. *Id.* at 1059-60. Specifically, Criminal Rule 12(D) states:

> In any criminal action, no change of judge or change of venue from the county shall be granted except within the time herein provided.
>
> (1) Thirty Day Rule. An application for a change of judge or change of venue from the county shall be filed within thirty (30) days of the initial hearing. Provided, that where a cause is remanded for a new trial by the court on appeal, such application must be filed not later than thirty (30) days after the defendant first appears in person before the trial court following remand.
>
> (2) Subsequently Discovered Grounds. If the applicant first obtains knowledge of the cause for change of venue from the judge or from the county after the time above limited, the applicant may file the application, which shall be verified by the party specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. Any opposing party shall have the

right to file counter-affidavits on such issue within ten (10) days, and after a hearing on the motion, the ruling of the court may be reviewed only for abuse of discretion.

[10] Here, not only was Williams's motion filed well past the initial thirty-day time limit, it was not filed for nearly a year-and-a-half after the trial court rejected his plea agreement, which is now the sole stated basis upon which Williams claims the motion should have been granted. In fact, Williams acquiesced to this very same judge presiding over his first trial and did not object to that judge's continued presiding over his case until the month before his second scheduled trial date—several months after it was scheduled. Williams does not allege any "subsequently discovered grounds" for filing his motion at such a late date. Williams's failure to adhere to the time limits of Criminal Rule 12 necessarily means the trial court properly denied his motion for change of judge. *See Flowers*, 738 N.E.2d at 1059-60.

[11] To the extent Williams implies the trial judge should have nevertheless sua sponte recused himself from his case, we disagree. Williams cites Indiana Rule of Judicial Conduct 2.11, which states in part, "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned . . . ." "The law presumes that a judge is unbiased and unprejudiced in the matters that come before the judge." *Flowers*, 738 N.E.2d at 1060. A judge has discretion to recuse sua sponte if any semblance of judicial bias or impropriety comes to the judge's attention, and must recuse sua sponte if he or she has an actual bias. *Id.* "The record must show actual bias and

prejudice against the defendant before a conviction will be reversed on the ground that the trial judge should have been so disqualified." *Id.* As a general rule, prior adverse rulings by a judge against a party are not enough by themselves to show bias or prejudice against that party. *Voss v. State*, 856 N.E.2d 1211, 1217 (Ind. 2006). As Williams recognizes, a trial court's rejection of a plea agreement also is not enough by itself to warrant a finding that the judge is biased or prejudiced against the defendant. *See Haynes v. State*, 656 N.E.2d 505, 508 (Ind. Ct. App. 1995); *Hoover v. State*, 582 N.E.2d 403, 410 (Ind. Ct. App. 1991) *adopted by Hoover v. State*, 589 N.E.2d 243 (Ind. 1992).

[12] Here, when he rejected the plea agreement, the judge stated his disagreement that there should be concurrent sentences for murder and attempted murder. The judge made this statement after Jester made her victim impact statement, but also stated he was "uncomfortable" with the plea even before that. App. Vol. IV p. 209. In *Ellis v. State*, 744 N.E.2d 425 (Ind. 2001), our supreme court addressed the propriety of a trial court's rejection of a plea agreement under similar circumstances. In that case, the defendant agreed to plead guilty to four counts of rape for separate incidents. The plea agreement provided that all the sentences would be served concurrently. However, after hearing the victim impact testimony of one of the victims, the trial court rejected the plea agreement and said that it would accept a plea agreement only if it provided for consecutive sentences with respect to that victim. Our supreme court found no impropriety in the trial court's action and held that it did not render the defendant's subsequent guilty plea involuntary. *Ellis*, 744 N.E.2d at 429-30.

[13] The *Ellis* opinion did not directly analyze whether the trial judge's rejection of the original plea agreement for being too lenient indicated bias or prejudice on the judge's part. It did observe, however:

> [A] court may offer guidance as to what sentence it might find marginally acceptable, taking into account a presentence report prepared by the probation department. The message must not, of course, carry any express or implied threat that the defendant may be denied a fair trial or punished by a severe sentence if he or she declines to plead guilty.

*Ellis*, 744 N.E.2d at 430. We do not believe the judge here crossed the line into threatening Williams with an unfair trial or severe sentence when he rejected the plea agreement.[2] Rather, he provided guidance as to what kind of plea he would find acceptable. In doing so, the judge acted properly and did not demonstrate actual bias or prejudice against Williams. As such, the judge was under no mandate to sua sponte recuse himself from the case.

## Conclusion

[14] The trial court did not clearly err in denying Williams's motion for change of judge. We affirm his convictions.

[15] Affirmed.

---

[2] The trial judge did end up imposing what might be described as a severe sentence against Williams, but he did not threaten Williams with such a sentence when he rejected the plea agreement.

May, J., and Bradford, J., concur.