## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 27 2020, 7:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bryan M. Truitt
Truitt Law Office
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Wesley Howell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 27, 2020

Court of Appeals Case No.
19A-CR-1633

Appeal from the
LaPorte Superior Court

The Honorable
Michael S. Bergerson, Judge

Trial Court Cause No.
46D01-1809-F4-986

**Vaidik, Judge.**

# Case Summary

[1]    John Wesley Howell appeals his conviction and five-year sentence for dealing in cocaine, arguing that the trial court erred by denying his motion for change of judge and that the sentence is inappropriate.  We affirm.

# Facts and Procedural History

[2]    In August 2018, the LaPorte County Drug Task Force conducted a controlled buy of a half-gram of crack cocaine from Howell.  The State charged Howell with dealing in cocaine as a Level 5 felony.  The case was assigned to Judge Michael Bergerson.  On May 16, 2019, a few days before trial was to begin, Howell filed a motion for change of judge under Indiana Rule of Criminal Procedure 12(B), which provides that a party in a felony or misdemeanor case "may request a change of judge for bias or prejudice."  He argued that Judge Bergerson was biased because he was the prosecutor in five previous criminal cases against Howell, including a 2010-2011 voluntary-manslaughter case in which Howell was found not guilty.  Judge Bergerson denied the motion, the case proceeded to trial, and the jury found Howell guilty as charged.  Citing Howell's criminal history—which stretches back to 1984 and includes four felony convictions, ten misdemeanor convictions, and at least twenty cases— Judge Bergerson imposed a sentence of five years in prison.

[3]    Howell now appeals.

# Discussion and Decision

[4]     Howell first contends that the trial court should have granted his motion for change of judge.  As the State notes, however, Howell's motion was untimely.  Subject to exceptions not applicable here, a request for a change of judge under Criminal Rule 12 "shall be filed within thirty (30) days of the initial hearing."  Ind. Crim. Rule 12(D)(1).  Howell's initial hearing was held on September 11, 2018, and he filed his motion more than eight months later, in May 2019.[1]   On this basis alone, Howell's motion was properly denied.  *See Williams v. State*, 86 N.E.3d 185, 188 (Ind. Ct. App. 2017) ("Williams's failure to adhere to the time limits of Criminal Rule 12 necessarily means the trial court properly denied his motion for change of judge."), *trans. denied*.

[5]     But even if we were to disregard the untimeliness of the motion, we would not reverse.  Howell's argument focuses largely on the fact that, eight years before this case went to trial, he was found not guilty in the voluntary-manslaughter case in which Judge Bergerson was the prosecutor.  He asserts that the loss in that case gave Judge Bergerson a personal stake in the outcome of this case— that this case was essentially a "rematch":

> [I]t is human nature that trial law is a competition (once it proceeds to trial) not unlike sports.  Human competitive nature compels a "do anything to win", albeit within the rules, capacity.  Re-matches are chances at redemption, with similar vigor.  It is

---

[1] At a hearing in December 2018, Howell asked Judge Bergerson to "step down" because of the earlier prosecutions.  Tr. Vol. II p. 12.  That request was also made more than thirty days after the initial hearing.

> an impossible task for a human to put aside the sting of a trial
> loss.

Appellant's Br. p. 13. Not surprisingly, Howell acknowledges that he "cannot find a case" that supports this untenable theory. *Id.*

Howell also notes that "a prosecuting attorney (especially where the case proceeds to trial) learns a multitude of inadmissible information as to a defendant's character, uncharged conduct, ancillary activities and law enforcement unsubstantiated views as to the defendant." *Id.* However, he does not identify any such information that Judge Bergerson has about him. And even if Judge Bergerson did have such information, Howell has not cited any authority for the proposition that information of this sort requires a change of judge.

As the State notes, "The law presumes that a judge is unbiased and unprejudiced," *Timberlake v. State*, 753 N.E.2d 591, 610 (Ind. 2001), *reh'g denied*, and the party claiming bias has the burden of rebutting that presumption, *Smith v. State*, 770 N.E.2d 818, 823 (Ind. 2002). Howell has not done so here. He does not assert that Judge Bergerson had any personal knowledge of the facts of this case or said anything exhibiting bias or made any trial rulings based on bias. Howell does seem to suggest that the imposition of an above-advisory sentence (one year shy of the statutory maximum) is proof of bias, but as we discuss next, there is nothing inappropriate about that sentence given his extensive criminal history.

[8]     For all these reasons, we affirm the denial of Howell's motion for change of judge.

[9]     Howell asks us to reduce his sentence pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[10]    Convicted of a Level 5 felony, Howell faced a sentencing range of one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6. The trial court imposed an above-advisory sentence of five years. Howell argues that this sentence is inappropriate because he sold only a small amount of drugs and because of "his lack of education, his absence of a father, his disability and inability to work, his poor physical health and his absence of social relations." Appellant's Br. p. 16 (citations omitted). We agree that there was nothing egregious about Howell's dealing offense—he sold a half-gram of crack cocaine in a controlled buy. But even if we accept Howell's claims about his personal

and medical background, his criminal history supports his above-advisory sentence. He had fourteen convictions before this case—four felonies and ten misdemeanors—including Class C felony possession of cocaine and Class D felony possession of cocaine. Howell has failed to persuade us that his sentence is inappropriate.

[11] Affirmed.

May, J., and Robb, J., concur.